## RUCKMAN v. CORY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF ILLINOIS.

No. 1199.   Submitted January 8, 1889. — Decided January 28, 1889.

B executed and delivered to C his bond in 1855 or 1856 to convey to him a tract of land for a consideration named.   C entered into possession, borrowed money of R, paid the consideration money in full,-and made valuable improvements on the place.   At C's request the conveyance was made to R, in 1858, to secure him.  Four years later R, having in the meanwhile been paid in full by C, conveyed the property to a woman without consideration, and then married her.   After some time the married couple separated.   The wife then brought ejectment to recover possession from C, (who during the whole time had remained in possession,) and obtained a verdict and judgment on the verdict for possession. Thereupon C took a new trial as of right, under the laws of Illinois, and, in 1883 filed his bill in equity against the wife to compel a conveyance of the land to him ; *Held,*

(1) That C's remedy was in equity ;

(2) That he had not been guilty of such laches as would close the doors of a court of equity against him ;

(3) That the evidence in the record was sufficient to support a decree in complainant's favor.

Laches cannot be imputed to one in the peaceable possession of land under an equitable title, for delay in resorting to a court of equity for protection against the legal title ; since possession is notice of his equitable rights and he need assert them only when he finds occasion to do so.

A grantee in a deed is not affected by declarations of a grantor, made after the execution and delivery of the deed, unless, with full knowledge of them, he acquiesces in or sanctions them.

IN EQUITY.   Decree for complainant.   Respondent appealed. The case is stated in the opinion.

*Mr. William M. Springer* and *Mr. Henry W. Wells* for appellant.

*Mr. John M. Palmer* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

About the year 1855, or 1856, W. D. Bowers executed to the appellee Cory his bond in writing for the conveyance of

certain lands in Mason County, Illinois, the consideration being the sum of one thousand dollars, payable in two equal instalments on the first day of October, 1857, and 1858, with ten per cent interest from the date of sale. Cory went into possession under the purchase on or about May 1, 1856, during which year he prepared and sowed in wheat about seventy-five acres. In 1857 he erected a house on the premises, and, before the wheat crop of that year was cut, he moved into it with his family. During the next year he prepared for cultivation forty additional acres. He has cultivated, more or less, these lands ever since he first took possession of them. All the improvements thereon, including the fencing, as well as the taxes, (except those for the year 1880,) were regularly paid by him.

On the first day of October, 1858, Bowers and wife conveyed the land to Elisha Ruckman, of New Jersey, who was a first-cousin of Cory and a man of large means. This was the first time Bowers had heard of Ruckman. Until the delivery of the above deed he knew of no one except Cory in the transaction for the sale of the lands..

On the 24th of April, 1862, Ruckman, by deed executed in New Jersey, conveyed the lands to Margaret Hopping, a single woman, to whom, at a subsequent date, January 25, 1864, he was married. Some time after their marriage, but at what time does not appear, Ruckman and his wife separated; and they were living apart when she brought in the court below an action of ejectment against Cory for the recovery of the lands. In that action — the date of the commencement of which is not shown by the record — she obtained a verdict and judgment; but Cory elected to take, and did take, as of right, a new trial, as provided for in the statutes of Illinois. Rev. Stats. Ill. c. 45. Thereupon he instituted the present suit against Mrs. Ruckman (her husband having died) for the purpose of obtaining a decree requiring her to convey to him, by sufficient deed, all her right, title and interest in these lands. The claim for such relief is rested by the plaintiff upon these grounds: That the lands were purchased by him from Bowers, and paid for, (except as to a small part of the price

stipulated,) with money borrowed for that purpose from Ruckman; that without knowledge or request of Ruckman, and solely for the purpose of securing him in the payment of the amount so loaned, he caused Bowers to make the conveyance directly to Ruckman; that although such conveyance was absolute in form, it was intended to be, and was only to operate as, a security for the debt due from him to Ruckman; that the latter, without his knowledge or consent, and without a good or valuable consideration to sustain it, made the deed of 1862 to Margaret Hopping; that only recently, namely, by said action of ejectment, did she assert any title under the deed to her; that his debt to Ruckman, on account of the borrowed money, has long since been discharged in full; and that, nevertheless, the defendant refused to convey to him, and was inequitably prosecuting her action of ejectment for possession.

The court below gave the plaintiff the relief asked by him.

1. The contention that the plaintiff has a plain, adequate, and complete remedy at law cannot be sustained. It is not certain that he can successfully defend the action of ejectment. Besides, only a court of equity can compel the surrender of the legal title held by the defendant and invest the plaintiff with it.

2. Nor has the plaintiff been guilty of any such laches as would close the doors of a court of equity against him. He was in the peaceful occupancy of the premises for some years prior to any assertion of title upon the part of the defendant under the deed of 1872. If he had not been all the time in the possession of the premises, controlling them as if he were the absolute owner, the question of laches might be a more serious one for him than it is. The bringing of the action of ejectment was, so far as the record shows, the first notice he had of the necessity of legal proceedings for his protection against the legal title held by the defendant. As proceedings to that end were not unreasonably delayed, we do not perceive that laches can be imputed to him. Laches are rather to be imputed to the defendant, who, although claiming to have been the absolute owner of the lands since 1862, took no action

against the plaintiff until the ejectment suit was instituted. *Mills* v. *Lockwood*, 42 Illinois, 111, 118. "Laches," the Supreme Court of Illinois has well said, "cannot be imputed to one in the peaceable possession of land for delay in resorting to a court of equity to correct a mistake in the description of the premises in one of the conveyances through which the title must be deduced. The possession is notice to all of the possessor's equitable rights, and he need to assert them only when he may find occasion to do so." *Wilson* v. *Byers*, 77 Illinois, 76, 84. See also *Barbour* v. *Whittock*, 4 T. B. Mon. 180, 195; *May's Heirs* v. *Fenton*, 7 J. J. Marsh. 306, 309.

3. Reference is made to the depositions of several witnesses, including the plaintiff, who testified in his own behalf, in which are detailed statements made by Ruckman, at different times after 1862, in reference to the title to these lands. This evidence, it is contended, and properly so, was incompetent under the well-established rule that "a grantee in a deed is not affected with the declarations of the grantor made after the execution and delivery of the deed, unless, with full knowledge of such declarations, he acquiesces in or sanctions them." *Higgins* v. *White*, 118 Illinois, 619, 624; *Steinbach* v. *Stewart*, 11 Wall. 566, 581; *Winchester and Partridge M'f'g Co.* v. *Creary*, 116 U. S. 161, 165. But the question remains, whether the decree cannot be sustained by such evidence in the record as is competent and relevant. We think it can. At any rate, after a careful sifting of the proof, and giving due weight to all the facts and circumstances that may properly be considered, we do not see our way clear to disturb the decree.

There are no other questions in the case that we deem it necessary to notice.

*The decree is affirmed.*