PETER SCHWOEBEL

*v.*

WILLIAM A. STORRIE et al.

[Submitted November 30th, 1909. Decided December 11th, 1909.]

1. A motion to dismiss a bill under rule 213 assumes that all the material averments of the bill are true.

2. When facts are brought to the knowledge of one contemplating the purchase of the record title sufficient to apprise him of the existence of an outstanding claim of title, and a reasonable investigation of such facts would necessarily disclose the existence of such title, he is put on inquiry

and charged with notice of the facts which a reasonably diligent investigation would have ascertained.

3. Open, visible, notorious, and exclusive possession of land by one who is not the record owner affords notice to one who purchases the record title which puts him on inquiry, and charges him with the knowledge of those facts which a reasonably diligent investigation would have ascertained.

4. Where in 1891 a mistake was made in the description of the property in a deed, as also in subsequent conveyances, but one claiming under it and intervening conveyances did not know of the mistake until 1906, his suit, brought in 1909, for reformation, was not barred by laches.

On bill to reform deeds. Heard on motion to dismiss bill for want of equity and for laches.

Complainant seeks to reform a deed of conveyance made to him for certain real estate, and also to reform the deeds made to his grantor and to his grantor's grantor, respectively, for the same land. The bill avers that the mistake in the deed made to complainant and in the other deeds in complainant's chain of title arose as follows: On November 5th, 1891, Keturah Mullica owned a tract of land fronting on Broad street, Woodbury, New Jersey, which tract was divided into two lots by a fence extending across the tract at about right angles to Broad street. Mrs. Mullica at that time resided in a dwelling-house on the lot on the northerly side of the fence, and on the date named sold the lot on the southerly side of the fence to Elizabeth Brandt. The description of the land contained in the deed of conveyance was intended by the parties to extend to the fence above referred to and thus make the fence the division line between the parties, but by reason of an error in the description the land actually covered by the language of the deed extends only to a line parallel with and five feet southerly of the fence. June 3d, 1892, Elizabeth Brandt (the grantee referred to) sold the lot to Anna M. Latham. The deed made on that date contained the same erroneous description, and, in consequence, by its terms only extended to a line five feet southerly of the division fence already referred to. October 2d, 1905, Anna M. Latham (the grantee last referred to) sold the lot to complainant. The deed made on that date followed the same erroneous description. The description

contained in each of the three deeds was intended by the parties to extend to the fence and was by the parties believed to extend to the fence. Each of the grantees named have, during their respective ownerships, been in actual and open possession of the five-foot strip which was omitted by the erroneous description, as possession of the entire southerly lot up to the fence was taken under the Mullica deed and has been continuously maintained until this time. All of the deeds referred to were promptly recorded.

By deed dated February 10th, 1906, the heirs of Mrs. Mullica conveyed to William A. Storrie the northerly lot referred to and also the five-foot strip southerly of the fence which was erroneously omitted from the deeds of complainant and his predecessors in title. Complainant and his respective predecessors in title believed that the description in their respective deeds extended to the fence until after the purchase by Storrie, when complainant was made aware of the errors in the several descriptions by a claim to the five-foot strip then asserted by Storrie. November 15th, 1907, Storrie brought an action of ejectment against complainant for the recovery of the five-foot strip southerly of the fence and recovered judgment February 16th, 1909. The present bill seeks to stay the execution of that judgment and to reform the errors of description referred to.

In addition to the averments contained in the bill that complainant and his predecessors in title have been in continuous and open possession of the five-foot strip now in dispute, since the time the deed was made by Mrs. Mullica to Elizabeth Brandt, the bill avers as follows:

"And your orator further shows that tne said William A. Storrie. prior to his purchase of the said tract of land knew that your orator was in possession of the said five-foot strip, and that your orator claimed ownership of same."

Defendant Storrie now moves to dismiss the bill for want of equity and for laches.

*Mr. John Boyd Avis,* for the complainant.

*Mr. Thomas G. Hilliard* and *Mr. Howard B. Keasbey,* for the defendants.

LEAMING, V. C.

The present motion, which is made to dismiss the bill under rule 213, necessarily assumes that all of the material averments of the bill are true.

The right of complainant to the reformation of his deed and of the deed made to his grantor, and of the deed made to his grantor's grantor, as against all persons other than defendant Storrie, is not questioned. The deed from Mrs. Mullica to Mrs. Brandt conveyed, in equity, all that the parties mutually intended it to convey. In like manner the subsequent deeds to Mrs. Latham and to complainant conveyed all that the respective parties intended them to convey. Complainant is therefore the equitable owner of the entire lot which the respective parties referred to intended to convey. The heirs of Mrs. Mullica inherited only the rights of their ancestor.

The equitable estate of complainant in that part of the lot which is not covered by the terms of the description in his deed would necessarily be lost, by force of our recording statute, as against a subsequent *bona fide* purchaser not having notice thereof at the time of his purchase. But that statute affords no protection to a subsequent purchaser with notice. The notice contemplated by the recording statute as sufficient to defeat its protection to a subsequent purchaser need not, in itself, apprise the purchaser of all the facts touching the outstanding title. When facts are brought to the knowledge of the person contemplating the purchase of the record title which are sufficient to appraise him of the existence of an outstanding claim of title, and a reasonable investigation of such facts would necessarily discover the existence of such outstanding title, the purchaser is put upon inquiry and charged with notice of the facts which a reasonably diligent inquiry would have ascertained. It is also well settled that the open, visible, notorious and exclusive possession of land by one who is not the record owner affords a notice to one who purchases the record title which puts such

purchaser upon inquiry and charges him with a knowledge of such facts as a reasonably diligent inquiry would have ascertained. *Diehl* v. *Page, 3 N. J. Eq. (2 Gr. Ch.) 143, 145; Van Keuren* v. *Central Railway Co., 38 N. J. Law (9 Vr.) 165, 167; Havens* v. *Bliss, 26 N. J. Eq. (11 C. E. Gr.) 363, 370; Johns* v. *Norris, 27 N. J. Eq. (12 C. E. Gr.) 485, 487; Wanner* v. *Sisson, 29 N. J. Eq. (2 Stew.) 141, 150; Cooke* v. *Watson, 30 N. J. Eq. (3 Stew.) 345, 352; Essex County Bank* v. *Harrison, 57 N. J. Eq. (12 Dick.) 91, 96;* see, also, *2 Pom. Eq. Jur.* §§ *614, 615; 2 Dev. Deeds* §§ *760, 777.*

The rule as stated in *Allen* v. *Seckham, 11 Ch. Div. 790, 795,* is: "Where a person purchases property where a visible state of things exists which could not legally exist without the property being subject to some burden, he is taken to have notice of the extent and nature of the burden."

In the present case the bill not only avers that the land in question was "openly occupied, used and enjoyed" by complainant at the time of the purchase by defendant Storrie, but also that defendant Storrie knew that complainant was in possession and claimed to own the land. Under the circumstances stated defendant Storrie would have necessarily ascertained the nature and extent of complainant's rights had an inquiry been made of complainant for that purpose. Defendant Storrie cannot, in consequence, be regarded as a purchaser without notice of complainant's equitable estate.

The bill discloses no laches which should operate to defeat the relief sought by complainant. Complainant did not know of the mistake until after the purchase by defendant Storrie in the year 1906. His possession has continued since that time and no equities have intervened. *Ruckman* v. *Cory, 129 U. S. 387.*

I will advise an order denying the motion of defendant.