# Sitz & Co. *v.* Herzberg-Loveman D. G. Co.

## *Destroying Lien.*

(Decided October 14, 1915.　69 South. 881.)

1. *Evidence; Crop Mortgages; Deeds to Land.*—Where the action was for the destruction of a lien on cotton claimed by plaintiff under a mortgage executed by W., and by defendant as purchaser from W.'s wife, mortgages on another crop of cotton raised on the land and executed by W., and deeds conveying the land to W., and from him to his wife, were admissible in evidence as material to show who owned the cotton in suit.

2. *Same.*—Under such circumstances, evidence that W. had cultivated the land on which he and his wife lived, that the cotton was grown, that the children of W. hauled it to the gin and warehouse,

that receipts were given in the name of W., and that while it was in their possession, the children spoke of the cotton as the cotton of W., was material as showing ownership of the cotton.

3. *Same; Declarations.*—In such a case, where it was conceded that the children of W., the husband, handled the cotton, ginning it and having it warehoused, either as the agent of the father or the mother, the declaration of such children, while the cotton was in their control or custody, as to the character of their possession, was admissible under the rule that declarations of one in possession of property explanatory of the possession, made in good faith, and showing the character and extent of his claim to it, whether in his own exclusive right, or as a tenant of another, or the capacity in which he claimed, as partner, trustee or agent, are admissible in evidence on an issue of disputed ownership, whoever may be the parties to the litigation.

4. *Charge of Court; Ignoring Evidence.*—Charges which wholly ignore the theory of the case, which the evidence tends to establish, are refused without error.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by the Herzberg-Loveman Dry Goods Company against Sitz & Company, for damages for destroying a mortgage lien. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals under act creating said court.

CULLI & MARTIN, for appellant.

MCCORD & DAVIS, for appellee.

MAYFIELD, J.—Appellee recovered damages against appellants for the destruction of a lien on six bales of cotton. Appellee claimed through a mortgage executed by one C. A. Walker. Appellants claimed as purchasers from the wife of C. A. Walker. There were two material and disputed questions involved on the trial: (1) Whether the cotton belonged to the husband or to the wife; and (2) whether or not the wife had authorized the husband to execute a mortgage on the cotton.

The husband and wife had lived on the place upon which the cotton was grown for a long time, and had

previously executed mortgages to appellee as to the crops grown on the same lands, and no claim to the crops had ever theretofore been made by the wife. In fact, there seems to be no dispute that the crops grown on the lands in question for previous years were the property of the husband, with the exception that there may be some evidence tending to show that he owed the wife rent.

There seems to have been no paper title conveying the land to either the husband or the wife until after the mortgage was executed, when a deed was executed conveying it to the husband; and subsequently—and even subsequent to the bringing of this suit—the husband conveyed the land to the wife. The claim is made that the wife originally purchased the lands, or that they were purchased for her by her father, that a deed had been made, though it was never recorded, and was lost, that several years thereafter a deed was intended to be made in lieu of this lost deed, but that, by mistake of the draftsman, it was made to the husband, instead of to the wife, and that it was for this reason that the husband conveyed to her after this suit was brought.

It appears that the cotton in question was grown upon this land, and was produced by the children of the husband and the wife, was carried to the gin by a son, and was ginned as the cotton of the husband and stored in a warehouse as the husband's cotton, and that receipts therefor were issued in the name of the husband; but it is claimed by appellants that the cotton was sold to them by the husband as the cotton of his wife, and not his own.

The trial resulted in favor of the mortgagee for the amount of the mortgage debt; and we find no reversible error in this record.

(1-3) There are 113 assignments of error, but there are no new or novel questions of law involved. Many of the exceptions go to rulings of the trial court in allowing the deeds and mortgages above referred to to be introduced in evidence; but the only objection insisted upon is that they were irrelevant and immaterial. There is nothing in these objections, though they were very material to the main issues, to show who owned the cotton in question. It was likewise proper to allow proof that the mortgagor had cultivated the land, that cotton was grown thereon, that children of the mortgagor husband hauled it to the gin and to the warehouse, and that receipts therefor were given in the name of the father, and that the children spoke of the cotton while in their possession as that of the father. It is conceded that the children handled the cotton as agents either of the father or of the mother; and their declarations, while the cotton was in their control and custody, as to the character of the possession, were admissible.

"The declarations of one in possession of property, explanatory of the possession, made in good faith, and showing the character or extent of his claim to it—whether in his own exclusive right or as tenant of another, or the capacity in which he claims, as partner, trustee, or agent for another—are admissible in evidence in an issue of disputed ownership, no matter who may be parties to the litigation.—*Daffron v. Crump,* 69 Ala. 77; *Clealand v. Huey,* 18 Ala. 343; 1 Brick. Dig. p. 843, § 558; *Thomas v. Wheeler,* 47 Mo. 363. The theory upon which the law admits such declarations is that they are a part of the res gestæ of the possession itself; such possession being the principal fact, and itself prima facie evidence of ownership in fee simple.—1 Greenl. Ev. § 109; *Perry v. Graham,* 18 Ala. 822; 2 Whart. Ev. § 1166. Of course, in all such cases the fact of posses-

sion should itself be admissible as one pertinent to the issue.—*Fail v. McArthur,* 31 Ala. 26."—*Humes v. O'Bryan,* 74 Ala. 64, 79, 80.

(4) There was no error in the refusal of any of the charges requested by the defendants. Some of these charges wholly ignore the theory which the evidence tended to establish, that, if the cotton was, in fact, that of Mrs. Walker, she had authorized the husband to mortgage, sell, or otherwise dispose of it, just as she could have done. Others were misleading in that they were calculated to induce the jury to believe that plaintiff could not recover unless plaintiff itself raised the cotton. Some were, in effect, the general affirmative charge for the defendants, which, of course, could not be given. If such a charge was at all appropriate, it should come from the other side.

The trial court gave charges which were certainly as favorable as the defendants had any right to request, and upon nearly every phase of the case presented by the issues and the evidence. For example, he gave the following requested charges for the defendants: "The court charges the jury that, if they find that the evidence in this case is in such state of uncertainty that they are unable to say that they are reasonably satisfied from the evidence that plaintiff should recover, they will find the issues for the deefndants."

"The court charges the jury that, if they are reasonably satisfied from the evidence that the cotton sold to defendant was a part of a crop of Mrs. Walker of the year 1913, they will find the issues in favor of the defendants."

"The court charges the jury that the burden of proof is on the plaintiff to show by the evidence to the reasonable satisfaction of the jury that the property purchased by defendants was cotton belonging to C. A. Walker,

and, unless so shown by the evidence to the reasonable satisfaction of the jury, they will find the issues in favor of the defendants."

"I charge you gentlemen of the jury that, if the jury are reasonably satisfied by the evidence that Mr. Lasseter made a deed to these lands 15 or 16 years ago, placing the title to same in Mrs. M. E. Walker, then the deed made in 1913 by Lasseter to C. A. Walker conveyed no title to said C. A. Walker."

Other charges given were entirely too favorable to the defendants.

There was no error in refusing the motion for a new trial. The verdict and judgment rendered appears to us to be correct, and unassailable.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.