(88 South. 822)

No. 23004.

**PEAVY–WILSON LUMBER CO. v. DOWDEN et al.**

(May 30, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Public lands** ⬅125—**Homesteader held not guilty of laches precluding him from asserting invalidity of patent.**

Homesteader who entered into possession of land prior to the erroneous issuance by the United States government of a patent to a railroad, and who remained in peaceful quiet possession making improvements thereon for more than 30 years, whose rights had been recognized by the Land Department in every decision made by it as to the conflicting rights of homesteader and the railroad, and who had been given a receipt for homestead fees paid by him and had intervened in the suit filed by the government to set aside the patent, *held* not guilty of laches precluding him from asserting invalidity of patent, having been justified in believing that his rights were being protected as required by Act Cong. Feb. 8, 1887.

2. **Real actions** ⬅8(1)—**Petitory action; possessor is not guilty of laches for delay in resorting to equity to establish claim against legal title.**

Generally one who is in peaceful possession does not subject himself to a charge of laches for mere delay in resorting to equity to establish his claim against the holder of the legal title where the holder of legal title manifests no purpose to disturb him or to question his claim.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

Action by the Peavy-Wilson Lumber Company against T. J. Dowden and others. Judgment for defendants, and plaintiff appeals. Affirmed.

R. A. Fraser, of Many, for appellant.
Don E. SoRelle, of Many, for appellees.

SOMMERVILLE, J. This is a petitory action coupled with a writ of injunction in which plaintiff claims the ownership of the southwest quarter of the northeast quarter of section 21, township 5 north, range 10 west, Sabine parish of this state, now in the possession of T. J. Dowden, defendant. Plaintiff claims title under a patent issued by the United States government on March 3, 1885, to the New Orleans Pacific Railway Company.

Dowden answered that he was a homesteader on 160 acres of land of which the 40 acres claimed in plaintiff's petition formed a part, and that he had been in peaceful, quiet possession for more than 30 years, and prior to the time that the patent was issued

erroneously to the railway company, and he pleaded the prescription of 30 years.

There was judgment in favor of defendant sustaining the plea of prescription of 30 years, and plaintiff has appealed.

It appears from the evidence that Dowden has been in quiet, continuous, and peaceable possession of the 160 acres, which includes the 40 acres sued for by plaintiff, as a homesteader since the year 1878. He has made improvements thereon, and has continuously resided thereon since 1881. On January 11, 1896, a receiver's receipt was issued to Dowden by the land office for fees and compensation of register and receiver for the entry of the 160 acres.

It would also appear from the evidence that prior to the patent being erroneously issued to the New Orleans Pacific Railway Company Dowden's rights had been recognized by the Land Department; and all questions of fact concerning his rights to the land have been decided adversely to the railroad company. And demand has been made by the government for its reconveyance to it so that Dowden could perfect his rights. The suit of the government to cancel the patent to the land embraced in Dowden's claim appeared to be pending in the federal court at the time of the institution of this suit. It appears to have been since decided that Dowden was a legally qualified homesteader; that he was occupying the land at the date of the final selection of the railway company; and that his rights were reserved by the agreement made with the railroad for reconveyance of all land upon which it was shown that a bona fide settler was thereon to the government, so that their rights could be protected and perfected. So that the railroad company knew the situation when it parted with its rights to the ancestor of plaintiff in title, and under titles as passed to them.

[1, 2] Plaintiff appears to rest its case upon the decision of this court in the case of Bodcaw Lumber Co. v. Bonnette, 135 La. 369, 65 South. 493. But the facts in the two cases are different. Dowden's rights have been recognized by the Land Department, and every decision has been in his favor. He intervened in the suit filed by the government to set aside the patent; and he has been given a receipt for homestead fees paid by him. He has been in continuous, open, and adverse possession since 1878, as well as ever since the date of the patent to the New Orleans Pacific Railway Company. Neither he nor the government has been guilty of laches. He has not vacated his homestead, but has made his home there ever since his entry thereon. He was justified in believing that his rights were being protected, as was required under Act Cong. Feb. 8, 1887, c. 120, 24 Stat. 391. No attempt was made to disturb his occupancy. It cannot therefore properly be said that he was guilty of any such laches which precluded him from obtaining relief in equity. As a general rule, one who is in peaceable possession does not subject himself to a charge of laches for mere delay in resorting to equity to establish his claim against the holder of the legal title where the latter manifests no purpose to disturb him or to question his claim. Ruckman v. Cory, 129 U. S. 387, 9 Sup. Ct. 316, 32 L. Ed. 728. See, also, United States et al. v. New Orleans Pacific Railway Co. et al., 248 U. S. 507, 39 Sup. Ct. 175, 63 L. Ed. 388.

The judgment of the district court sustaining the plea of prescription of 30 years is correct.

Affirmed.