(98 South. 6)

### HOOPER et al. v. PETERS MINERAL LAND CO. (6 Div. 893.)

(Supreme Court of Alabama. Oct. 11, 1923. Rehearing Denied Nov. 22, 1923.)

1. **Judgment** 443(1, 3) — Equitable relief where party prevented by fraud from establishing cause of action or defense.

Where a party is prevented from properly presenting and establishing his cause of action or defense by fraud in the management of the action or proceedings, and there has been no fair trial, equity will grant relief against the judgment rendered.

2. **Executors and administrators** 380(1) — Fraud of agent of administrator held ground for setting aside administrator's sale.

Where an administrator, authorized to take charge of testator's lands, made an agreement with defendant to look up lands belonging to decedent and to report to him; their relation being one of quasi trusteeship, and defendant being bound to report truly to administrator the information he had thus acquired concerning the titles and value of the land, and to disclose his interest in a purchase of the lands by another, at the administrator's sale, for a grossly inadequate price, the concealment of these facts amounted to fraud affording ground for setting aside in equity a decree confirming the administrator's sale.

3. **Quieting title** 29—Complainant in possession not chargeable with laches.

Where the real purpose of a bill is to remove a cloud on complainant's title, and complainant is in peaceable possession of and owns the lands in controversy, complainant is entitled to wait until his right and title are attacked without being chargeable with laches or affected by the statute of limitations.

#### On Rehearing.

4. **Conversion** 1—Equitable conversion does not take place where claims to property are purely incidental.

Equitable conversion does not take place as to persons whose claims or rights to the property are purely incidental, not at all connected with its devolution or transfer from the author or through the instrument.

5. **Conversion** 15(1)—Devise of lands after debts paid held not to work conversion into personalty.

Where the will of testator provides that, after his debts are paid, his lands, or, if sold to pay his debts, the balance, shall go to devisee, the title to the lands, as lands, passes

to devisee subject to sale for the payment of debts, and, hence, there was no conversion of the land into personalty.

Appeal from Circuit Court, Jefferson County; Wm. M. Walker, Judge.

Bill by the Peters Mineral Land Company against John De B. Hooper and others. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

See, also, 208 Ala. 324, 94 South. 606.

Cabaniss, Johnson, Cocke & Cabaniss and Haley & Haley, all of Birmingham, for appellants.

An attack, such as here made upon a judicial sale, is collateral in its nature. Freidman v. Shamblin, 117 Ala. 454, 23 South. 821; U. S. v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Rucker v. T. C. I. Co., 176 Ala. 456, 58 South. 465; Peters Min. Land Co. v. Hooper, 208 Ala. 324, 94 South. 606; Henley v. Rucker, 208 Ala. 165, 93 South. 879; Henley v. Masonic Temple Ass'n, 208 Ala. 371, 94 South. 300; 96 Wash. 138, 164 Pac. 923, L. R. A. 1918D, 472. The only fraud which will subject such a decree to an attack of this character is fraud in its procurement. De Soto Co. v. Hill, 194 Ala. 537, 69 South. 948; Hogan v. Scott, 186 Ala. 310, 65 South. 209; Worthington v. Miller, 134 Ala. 420, 32 South. 748; Watts v. Frazer, 80 Ala. 186. A proceeding voidable merely, not void, is not subject to collateral attack. Randolph v. Vails, 180 Ala. 82, 60 South. 159; Lang's Heirs v. Waring, 17 Ala. 145; Payne v. Turner, 36 Ala. 623; Daniel v. Stough, 73 Ala. 379; James v. James, 55 Ala. 525; Cottingham v. Moore, 128 Ala. 209, 30 South. 784; Calloway v. Gilmer, 36 Ala. 354; Harris v. Parker, 41 Ala. 604; Fielder v. Childs, 73 Ala. 567; Charles v. DuBose, 29 Ala. 367; Frazer's Ex'rs v. Lee, 42 Ala. 25; McMillan v. Rushing, 80 Ala. 402. Judgments cannot be collaterally impeached for fraud by party thereto or privy. Rhino v. Emery (C. C.) 65 Fed. 826; Freeman on Judgments, § 334. The recordation of the agreement by Shackelford, Hooper, and Brockman was notice, or furnished a source of inquiry, to appellee, and the imputation of laches cannot be avoided. Code 1907, § 3373; Gordon's Adm'r v. Ross, 63 Ala. 363; Gilmer v. Morris, 80 Ala. 83, 60 Am. Rep. 85. Gill v. More, 200 Ala. 511, 76 South. 453; Nation v. Nation, 206 Ala. 397, 90 South. 494; Chapman v. Johnson, 142 Ala. 633, 38 South. 797, 4 Ann. Cas. 559. Under the will of Thomas Peters, an equitable conversion of the lands involved was effected, depriving Henley of any title. Goodwyn v. Cassels, 207 Ala. 482, 93 South. 405.

Hood & Murphee, of Gadsden, and Smith & McCary, of Birmingham, for appellee.

Laches cannot be imputed to complainant in this case. Fowler v. Ala. S. & S. Co., 189 Ala. 31, 66 South. 672; Hartley v. Frederick, 191 Ala. 175, 67 South. 983; McCarthy v. McCarthy, 74 Ala. 555. The authorities cited by appellants to their various propositions are inapt.

SAYRE, J. A statement of the bill in this cause may be found in the report of the former appeal. 208 Ala. 324, 94 South. 606. On that appeal this court held that the bill filed by the present appellee was defective, and the decree of the trial court sustaining the present appellants' demurrer was affirmed. On the return of the cause to the circuit court appellee amended paragraph 8 of its bill with a view to the correction of the deficiencies this court had found. Appellants' demurrer was overruled, and this appeal followed in due time.

As will be observed on reference to the former opinion, appellants Hooper and his associates, Shackelford and Brockman, acquired what title they have in the lands in controversy by and through an administrator's sale, and its confirmation by a decree of the chancery court, to which the administration of the estate of Thomas Peters, deceased, had been removed in due course. The bill in its then shape was construed as averring that Hooper assumed by his contract with the administrator no obligation except to "look up" lands that belonged to Peters at the time of his death, and report to him the results of his investigation, and that this relation of principal and agent between the administrator and Hooper "did not preclude Hooper from thereafter acquiring an interest in the lands of that estate at administrator's public sale in the absence of averment that Hooper fraudulently concealed from his principal any material fact as to same, or that he did not fully and faithfully discharge his duties in that behalf in relation to the subject and object of the employment, and according to the terms thereof." And it was noted that there was lack of averment in the bill "that, through any intervention or information of Hooper, as a result of the latter's knowledge as agent, etc., or by reason of the suppression of facts or of his failure of full disclosure to his principal, the sale to Shackelford [who bought for the joint account of himself, Hooper, and Brockman] resulted." It was ruled that mere general averments of fraud, though in the presence of these facts, did not suffice to give the bill equity.

As amended on its return to the circuit court the bill avers—to state its substance as briefly as may be—that Hooper entered into an agreement with the administrator to look up lands belonging to the estate of Peters which had escaped administration, to investigate the title to such lands, the value of the interest therein owned by Peters, report the facts to the administrator, and assist him

"in and about all matters pertaining to the sale and disposition of said property to the best advantage possible," for which services Hooper was to be compensated by the payment to him of one-fourth of the proceeds of said lands when sold; that Hooper then entered into an agreement with Shackelford and Brockman whereby the three were to look up lands of the estate and secretly agreed that, after they had investigated titles to the lands described in the bill, and found the same to be "reasonably good," and of value in excess of $30,000, Shackelford would buy the same at the administrator's sale for $400 for their joint account, and it is averred that Hooper falsely and fraudulently reported to the administrator that the title to said lands was not good, that the lands had but little value, and that Peters had "some kind of claim of title thereto"; that Hooper was related to the administrator, had great influence with him, so that he did not investigate the title to said land or the value thereof, but trusted Hooper's representations, and, after the bid of $400 had been accepted by the administrator, Hooper represented to him that $400 was the reasonable value of the lands, and induced administrator to report said sale and ask for the confirmation thereof, and assisted administrator to procure evidence to support the administrator's acts in the premises, and thereupon said sale—a private sale, it is averred—was confirmed; that in these matters Hooper acted in bad faith with the administrator, and not disclose to him the contract with Shackelford and Brockman, or the facts with reference to the title and value of the land, nor did he have knowledge thereof; that, November 25, 1903, Shackelford executed a deed of trust showing that he held the lands in dispute for the use and benefit of himself, Hooper, and Brockman, which deed of trust, of which the administrator knew nothing, was "secretly withheld from record" until January 4, 1913.

[1, 2] Appellants suggest that "no judgment can be collaterally impeached for fraud by any party to the judgment or any party in privity with one who was a party to the proceeding in which the judgment was rendered," citing Freeman on Judgments, §§ 334, 335. But at that point the author was speaking of the circumstances in which judgments may be "wholly or partly avoided when offered in evidence in an action or proceeding at law." In sections 484a to 516 the author states the principles on which relief may be had in equity against judgments and decrees. It there appears that relief will be granted against a judgment or decree if the party complaining was prevented from availing himself of a defense by fraud or accident or the act of the opposite party, unmixed with negligence or fraud on his part. In Watts v. Frazer, 80 Ala. 186, this court said:

"Fraud as to transactions antecedent to the judgment, such as would have constituted a good defense to the rendition of the judgment, *but not connected with the proceedings by which it was obtained* [Italics supplied], is deemed insufficient to justify relief under the head of this equitable ground of jurisdiction."

This subject received great consideration in De Sota Coal Mining Co. v. Hill, 194 Ala. 537, 69 South. 948, and we would be excused from further statement at this time. However, we repeat statements of the law which were there quoted: The ground for the exercise of this jurisdiction is that there has been no fair adversary trial. It is only fraud in the management of the action or proceeding, and by which the complainant was prevented from properly presenting and establishing his cause of action or defense, which may be a ground for relief in equity. In order that fraudulent concealment shall be ground for any equitable relief, there must be a duty to disclose. The court here is of opinion that the relation between the administrator, with whom, for the purpose in hand, we assume that complainant, or its predecessor in title and interest, was in privity, and defendant Hooper was one of quasi trusteeship (Waller v. Jones, 107 Ala. 341, 18 South. 277; Phillipps v. Birmingham Industrial Co., 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156; Glennon v. Touart, 209 Ala. 487, 96 So. 336), and that Hooper was in duty bound (indeed, his contract, as alleged, bound him specifically) to report truly to his principal the information he had acquired concerning the titles and value of the land in controversy, and that he was also bound to disclose his interest in the purchase by Shackelford, and that his concealment of the facts, along with what else is averred, amounted to fraud in the concoction of the decree confirming the sale—amounted to fraud by means of which the decree was procured to be rendered—and hence, being proved as alleged, will suffice to impeach the decree. Watts v. Frazer, supra.

[3] The remaining point argued in the brief is that the averments of the amended bill do not avoid the defense of laches and limitations. It is averred in both the original and amended bills that complainant is in peaceable possession of, and owns, the lands in controversy. The real purpose of the bill is to remove the cloud cast upon complainant's title by the proceeding and decree of sale in the chancery court. Rea v. Longstreet, 54 Ala. 291; Burt v. Cassety, 12 Ala. 734; 5 Pom. Eq. Jur. (4th Ed.) § 2149.

"It is settled in this state beyond further dispute that to maintain a bill to remove or prevent a cloud on title the complainant must be in the actual possession of the lands, and the bill, to be sufficient, must aver that fact." Thorington v. City Council, 82 Ala. 595, 2 South. 513; Tarwater v. Going, 140 Ala. 273, 37 South. 330.

We take the averment of the bill to intend that complainant is in actual possession. No suggestion to the contrary is made. Such being the case, complainant and those under whom it claims were at liberty to wait until their right and title was attacked without being chargeable with laches or affected by the statute of limitations, which latter, by lapse of time, converts such possession into evidence of title. Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 South. 393; Laird v. Columbia Loan & Investment Co., 204 Ala. 247, 85 South. 521; Ruckman v. Cory, 129 U. S. 390, 9 Sup. Ct. 316, 32 L. Ed. 728; 4 Pom. Eq. Jur. (4th Ed.) § 1454.

It results that, as for any objection now urged against the bill, the trial court properly overruled defendants' demurrer.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

## On Rehearing.

SAYRE, J. [4, 5] Heretofore we had hardly deemed it necessary to set down our consideration of the concluding paragraph of appellants' original brief wherein it was suggested that under the terms of the will of Thomas Peters there had occurred at the moment of his death an equitable conversion of the lands in controversy into personalty, and therefore that no title vested in Thomas P. Henley which he could pass to others, i. e., the complainant in this cause. It seems now well to say that this question had been settled in Rucker v. Tennessee Coal, Iron & Railroad Co., 176 Ala. 456, 58 South. 465, and in the first paragraph of the opinion rendered on former appeal in this cause. And, further, that equitable conversion does not take place as to persons whose claims or rights to the property are purely incidental, not at all connected with its devolution or transfer from the author or through the instrument. 3 Pom. Eq. Jur. (4th Ed.) § 1166. The doctrine is formulated to give effect to the purposes of the author of the instrument directing a conversion, in this case the will. Id. It is not understood how the invocation of the doctrine of equitable conversion could in this case serve the purposes of testator or advance any general principle of equity as between the parties to this cause. Moreover, the will contains no specific direction that the lands here involved, that is, testator's "unsold coal and iron lands," be sold, nor is there a devise of these to the executor or to Neely and Rucker. On the contrary, the clear purpose of testator was that, after his debts were paid, these lands, or, if sold to pay debts, the balance realized from them, should go to Thomas P. Henley. Hence our ruling in Rucker v. T. C. I. & R. Co., supra, to the effect that the title to these lands, as lands, passed to Henley subject to sale for the payment of debts.

We find no merit in the application for rehearing, and it must be overruled.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.