148 So. 131

## CITY OF BESSEMER v. SCHANZ.

### 6 Div. 347.

Supreme Court of Alabama.

May 11, 1933.

George W. Bains, of Bessemer, for appellant.

Arthur Green, of Bessemer, for appellee.

ANDERSON, Chief Justice.

This case has been here on former appeal, 145 So. 424.[1] It was there held that the bill was defective for failing to aver the peaceable possession of the complainant. After the cause was reversed, the bill was amended to cure the defect as pointed out, and the trial court then overruled the appellant's demurrer to the bill as last amended.

[1] Ante, p. 28.

574

The only insistence or argument by appellant's counsel upon the present appeal is that the demurrer should have been sustained because of the statute of limitations or laches. We are not unmindful of the rule that, when a bill in equity, upon its face, shows that the relief sought is barred by the statute of limitations or laches, it is subject to an appropriate demurrer, but we do not think that the bill is defective in this respect. It shows that, within a few months after he received notice that his right or possession would be interfered with by an attempt to subject his land to the enforcement of the appellant's claimed lien, the bill was filed. Being in the peaceable possession and enjoyment of his property, it was not incumbent upon the complainant to take action until he acquired notice that his rights were threatened. Hooper et al. v. Peters Mineral Land Co., 210 Ala. 346, 98 So. 6, and cases there cited.

Appellant's counsel cite and seem to place reliance upon section 8966 of the Code of 1923, which requires action within a year after the discovery of fraud. As we understand, the present bill is not one seeking relief against fraud, but against proceedings to subject his property to a lien which was void for want of jurisdiction under the cases of Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Goodman et al. v. City of Birmingham, 223 Ala. 199, 135 So. 336; Nashville, C. & St. L. Ry. Co. v. Town of Boaz, ante, p. 441, 147 So. 195.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

