158 So. 761

**TAYLOR et al. v. LADD et al.**

**6 Div. 626.**

Supreme Court of Alabama.

Jan. 17, 1935.

Smyer, Smyer & Bainbridge, of Birmingham, for appellants.

THOMAS, Justice.

The bill sought partition or sale for division of lands among the cotenants as joint owners.

It is alleged that one Taylor took title in his own name to the land in question, purchased with the wife's money, she being under the disability of the married woman's law; that due to a mistake of the scrivener the words, "as trustee," were omitted from the granting clause of the deed; that the only interest therein of the named grantee was that as trustee for the wife, whose money had been invested therein as the full amount of the purchase price. It is further alleged that the cestui que trustent (Hulda H. Taylor, the wife) lived on the land for more than sixty years, claiming, using, and dealing with the land—its agricultural, timber, and mineral rights—as her own to the date of her death; and devising the same to her children as named in her will, which was duly proved and admitted to probate.

The court, as invoked by the pleadings, impressed the transaction of purchase of the land on December 24, 1867, with a resulting trust in favor of Mrs. Hulda H. Taylor; adjudicated the equitable interest and right of ownership to the lands in her; and decreed that it passed by her will to the named devisees, that it could not be equitably divided among the joint owners, and to effectuate a partition ordered a sale for division and distribution among the parties in interest in proportion to and accord with his or her respective interest therein.

Respondents by answer and cross-bill admitted the purchase of the land as averred; denied the use of the moneys of the wife (their mother) in that purchase; denied the existence of the trust relation between the named grantee and his wife (the mother of the parties here); denied that the mother asserted ownership and title in and to the land, and at all times recognized that her first husband was the true owner and had the title to same; and concluded with the prayer that the court adjudge and decree that respondents (the children of the first husband, Mr. Taylor) are the sole owners of the land, and that complainants (appellees) have no right, title, claim, or interest in the land.

Under the law in force when the deed was made, the husband taking title took as a statutory trustee for the wife. The law intercepted, impressed, and declared the trust under the facts and the conveyance of December 24, 1867, taken in the name of the husband. Jordan & Sons v. Smith, 83 Ala. 299,

T. A. Murphree, of Birmingham, for appellees.

3 So. 703, reciting the statutes before the Act of February 28, 1887 (Acts 1886–87, p. 80; Code 1867, § 2372); Alexander v. Saulsbury, 37 Ala. 375; Patterson v. Flanagan, 37 Ala. 513.

We have carefully examined the evidence and are convinced that the decree is due to be affirmed. The financial condition of Mr. Taylor at the time of the purchase of the land, the showing the source and use of the wife's moneys in the purchase, the relation of the parties, their acts and declarations of ownership while in possession, convince us that the wife was in possession with her husband as her trustee to the death of her first husband; and that thereafter her possession and use of the land to her death in 1930 were consistent with her claim and right of ownership to the time of her death—a period of possession, claim, and use as owner for over sixty years.

Appellants insist that appellees were guilty of laches. The evidence is to the effect that the wife asserted her title and ownership while in peaceable possession, ownership, and the full enjoyment of the land as its owner, during the life of her husband as statutory trustee, and continued in such possession and asserted the right of absolute ownership to the date of her death in 1930. Under the facts shown by this record, laches cannot be imputed to the appellees, or, as for that, to their mother, through whom they claim title and under whom they held possession that was peaceable and uninterrupted. When one is in such possession and claim, he is at liberty to await an attack upon the title without having laches imputed. Laird et al. v. Columbia Loan & Investment Co., 204 Ala. 246, 85 So. 521. In the matter of laches in appealing to the powers of equity, the general rule is that the doctrine depends on the lapse of time, changed conditions affecting the parties and their power to adduce evidence of the true and material facts, and the relation of the party supposed to be affected thereby, as related to the property right in controversy. Hooper et al. v. Peters Mineral Land Co., 210 Ala. 346, 98 So. 6; Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393; City of Bessemer v. Schanz, 226 Ala. 573, 148 So. 131; Ruckman v. Cory, 129 U. S. 390, 9 S. Ct. 316, 32 L. Ed. 728; 4 Pom. Eq. Jur. (4th Ed.) 1454.

The possession of Hulda H. (Ladd) Taylor is established for sixty years. Her declarations explanatory of the nature and character of her possession, made in good faith while in peaceable possession and the enjoyment of her actual occupancy, were a part of the res gestæ of the possession itself. Smith v. Bachus et al., 195 Ala. 8, 70 So. 261; Sitz & Co. v. Herzberg-Loveman D. G. Co., 194 Ala. 237, 240, 69 So. 881; Ray v. Jackson, 90 Ala. 513, 7 So. 747; Shelton v. Stapler, 219 Ala. 15, 121 So. 34; Wood v. Foster, ante, p. 430, 157 So. 863.

The court was not in error in ascertaining the facts, as declared in the decree, and declaring the respective interests of the joint owners as decreed, and in decreeing the sale of the lands for division. It results from this there was no error in denying relief as contended by appellants in the cross-bill.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.