42 So.2d 776

**AMMONS et al. v. AMMONS et al.**

**7 Div. 15.**

Supreme Court of Alabama.

June 23, 1949.

Rehearing Granted Nov. 17, 1949.

Young & Young, Anniston, for appellees.

Charles Douglass, Anniston, for appellants.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrers of Ed Ammons to the bill of complaint, as last amended, filed by Ida Ammons and Jessie Ammons (appellants) against Mary B. Ammons, Fannie Ammons, Ed Ammons, Bill Ammons and Mary Bradford (appellees). The purpose of the bill is to sell for division certain lands lying in Calhoun County, Alabama, owned by the complainants and respondents as joint owners or tenants in common on the ground that the lands cannot be equitably divided.

The respondent Ed Ammons filed an answer, as amended, to the original bill, denying that the complainants owned any right, title or interest in the land and alleging in substance that he had purchased

the interest of all the parties to the suit under a deed dated January 17, 1929, and a deed dated February 5, 1930, in which he had purchased the interest of one Cleveland Turner. He further alleges that he went into possession of the lands in the deeds and had held and owned the land for more than 20 years and has assessed the property for taxes and has paid taxes thereon for such period of time. He prayed that his answer be taken as a cross-bill against the other parties to the suit. Copies of the foregoing described instruments were attached to his answer as amended and made a part thereof.

The complainants thereupon amended their original bill so as to show the source of their alleged title and alleging the parties to the suit to be the present devises or descendants or heirs of Harrison Campbell, deceased, otherwise known as Harrison Ammons. There are other allegations in the bill as amended with reference to the family relationships which do not appear to be necessary to set out for the purposes of this appeal.

The bill of complaint as amended attacks the deed executed to Ed Ammons which we have referred to in stating the allegations of his answer. Copy of the deed is attached to the bill as amended and made a part thereof. The deed is attacked from two standpoints. It is alleged that Ida Ammons is the widow of John Ammons, deceased, who died April 22, 1945, and Jessie Ammons is the only child of John and Ida Ammons. It is alleged that the signature to the deed to Ed Ammons from John and Ida Ammons was procured by fraud and deceit in that no consideration was asked for by them, no consideration was paid to them, that Ed Ammons came to their home with the deed already prepared and procured their signatures, representing in substance that he wanted them to sign the deed in confirmation of his authority as executor of the will of Harrison Campbell, deceased, and to enable him to make a quick sale of the property and that upon the sale being made the proceeds thereof would be distributed among the several devises of Harrison Campbell and their heirs as their interest

might appear, including John and Ida Ammons.

It is further alleged that they had confidence in him, that he was the brother of John Ammons, that they believed the representations to be true and in reliance upon the representations they signed the deed and delivered it to Ed Ammons. It is alleged that the representations made for the purpose of acquiring their lands were false and made for the purpose of deceiving John and Ida Ammons and did deceive and induce them to convey their interest in this property. It is alleged that they are not lawyers and are of limited education and believing the representations made to be true did not engage an attorney to advise with them before execution of the instrument and that if they had known the real plans of Ed Ammons they would not have attached their signatures to the deed.

It is further alleged that Ed Ammons did not make a quick sale of the property and has not made a sale or sales of any part of it, that several times John and Ida Ammons called upon and urged him to proceed with a sale of the property, "he answering in substance that he was busy with his work, did not have time to look after the sale and urged them, John and Ida Ammons, to seek a purchaser or purchasers, that they contacted several prospects, reported same to Ed Ammons, advising the sale and in each instance Ed Ammons refused, saying in substance that the price or prices offered were not sufficient."

They further allege that upon acquiring the deed Ed Ammons failed to take active steps to bring about a sale lulling them into inactivity against him through representations that the property would be sold and divided in accordance with the agreement and never in any way questioning their title. It is further alleged that under pressure from Ida Ammons, Ed Ammons on towit June 7, 1941, wrote a letter to Ida Ammons saying in part, "I will do my best at the earliest possible time to see that you get your part in cash," but refusing a proposed offer and suggesting that she come to see him as he could not come to see her. It is further alleged that Ed Am-

mons never disputed the title of complainants to an interest in the property and the first that complainants knew of his claim to ownership was after they filed the present suit on April 10, 1948.

In a subsequent paragraph a different basis is stated upon which the aforesaid deed is sought to be annulled, it being alleged that if the complainants are mistaken in their averment that the instrument should be annulled for fraud, then and only in the alternative, they aver "that said instrument was executed by complainants as a deed of trust, solely for the purpose of empowering the said Ed Ammons to make a sale of said property and then pay the complainants their part of the proceeds and that he has breached this trust."

 I. It will be observed that the deed which Ed Ammons is alleged to have procured, was executed by John Ammons, one of the beneficiaries under the last will and testament of Harrison Ammons, deceased, and his wife Ida Ammons. John Ammons died before this suit was brought and so it is contended that his heirs Jessie Ammons, his child, and his wife Ida Ammons cannot invoke the aid of equity to annul the deed because all right of action so to proceed died with John Ammons. The contention is not sound. The maxim "actio personalis moritur cum persona" does not as a rule apply to cases of which courts of equity take cognizance. Wynn, Adm'r, v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228. This court has held that the right of a grantor to go into equity and seek cancellation of a deed which has been procured from him by fraud, survives to his heirs. Walling v. Thomas, 133 Ala. 426, 31 So. 982; Tyler v. Copham, 245 Ala. 151, 16 So.2d 316; Floyd v. Green, 238 Ala. 42, 188 So. 867; 2 A.L.R. page 431-note.

 II. We think it clear that the complainants have no rights under the theory that the deed constitutes a trust deed for the benefit of complainants. Under the allegations of the bill, the case for complainants must stand or fall on the allegation of fraud and the allegations which seek to lift the bar of the statute and to excuse them from laches. In other words the allegations designed to constitute the deed a trust deed do not within themselves add anything to the case for complainants. Section 149, Title 47, Code of 1940, provides that "No trust concerning lands, except such as results by implication or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing, signed by the party creating or declaring the same, or his agent or attorney lawfully authorized thereto in writing."

 This court has held that under the foregoing statute a trust not arising by implication or construction of law, cannot be created by parol. A writing signed by the party creating or declaring the trust is indispensable to its existence. Brock v. Brock, 90 Ala. 86, 8 So. 11, 9 L. R.A. 287. A parol trust cannot be engrafted on the legal title when the deed makes the legal title absolute on its face, unless the execution of the deed is procured by fraud. Smith v. Smith et al., 153 Ala. 504, 45 So. 168.

 III. Upon the original hearing we took the view that the allegations of the bill were not sufficiently precise and specific to lift the bar of the statute of limitations and relieve the complainants of the charge of laches in not discovering the alleged fraud. There especially seemed to us to be lack of pleading in this regard respecting John Ammons who died in 1945. Complainants are the widow and only child of John Ammons, one of the original joint owners of the property and one of the grantors in the deed. But the question of laches cannot arise on demurrer unless the allegations of the bill show that the period prescribed by the statute of limitations has run. Obviously unless this period of time has run, there can be no bar to lift.

 Upon further consideration we have withdrawn the portion of the original opinion dealing with fraud and laches because there is no allegation in the amended bill showing adverse possession of the property by Ed Ammons. The deed was exe-

cuted in 1929, but there is nothing to show who has been in possession. The amended bill does not supply this information. See Betts v. Betts, 250 Ala. 479, 35 So.2d 91. We cannot look to the answer of Ed Ammons to supply this deficiency. So far as we are aware the proposition of adverse possession was not called to our attention. Our cases make it clear that a bill to set aside a deed to land for fraud, where the land is in the possession of the grantee, is a suit to recover land and is controlled by the ten year statute. In such a bill allegations of adverse possession are necessary in order to show when the statute of limitations begins to run and in order to reach questions on demurrer relating to the bar of the statute of limitations and the lifting of such bar. Shorter v. Smith, 56 Ala. 208; Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73; Ellis v. Stickney, et al.,[1] 42 So.2d 779. If the complainants and the other alleged joint owners or tenants in common are in possession, then there can be no question of the statute of limitations and of laches because the complainants are at liberty to wait until their right and title is attacked without being chargeable with laches or affected by the statute of limitations. Hooper et al. v. Peters Mineral Land Co., 210 Ala. 346, 98 So. 6; Taylor v. Ladd, 229 Ala. 562, 158 So. 761. The allegations of the bill as amended show that Ed Ammons never disputed the title of complainants until they filed the present suit on April 10, 1948.

The demurrer to the bill challenging the allegations of fraud should have been overruled which means that defensive matter relating to the statute of limitations should be pleaded in answer to the bill.

It results that the rehearing is granted and the decree of the lower court is reversed and the case is remanded.

Opinion corrected. Application for rehearing granted, reversed and remanded, Defendant granted 30 days to plead further.

BROWN, FOSTER, and LAWSON, JJ., concur.