Defendant Jannie Williams appeals from a summary judgment for the plaintiff, Thelma Mertz, the administratrix of the estate of Louise Hamilton. We affirm.
Louise Hamilton died on November 9, 1983, in New York City, where she lived. Hamilton had owned 80 acres in Greene County, Alabama. Jannie Williams claims title to this land through a deed executed on January 25, 1985, by a Louise Hamilton who lived in Michigan. As administratrix, Mertz filed this action to quiet the estate's title to this land. The trial court entered summary judgment for the plaintiff administratrix.
Williams contends that summary judgment was improper, on several grounds: (1) that Mertz was barred by the doctrine of laches from bringing this action; (2) that the statute of limitations for fraud actions bars this action, and (3) that Mertz failed to prove the estate's title to the land.
 I
Williams claims that Mertz should have known of the allegedly fraudulent deed in January 1985, when it was executed and recorded. This suit was not filed until December 18, 1987; Williams claims that this delay of almost 35 months barred Mertz from bringing this action, through the operation of the doctrine of laches.
We have held that "[w]hen a party asserts that a claim is barred by laches in a case where the action is not barred by the statute of limitations, mere delay is not sufficient for the defense of laches. Special facts must appear which make the delay culpable." Thomaston v. Thomaston, 468 So.2d 116, 121
(Ala. 1985). Williams made no showing of any special facts that made the delay in this case culpable; thus, the trial court did not err in holding that this action was not barred by the doctrine of laches.
 II
Williams reads Ala. Code 1975, § 6-2-3, as a statute of limitations and claims that it is applicable to this case and claims that the time provided for filing an action to set aside the deed had run prior to the filing of this lawsuit by Mertz. We disagree. This was a quiet title action, and there is no statute of limitations for quiet title actions. See Gilley v.Daniel, 378 So.2d 716 (Ala. 1979); Hooper v. Peters MineralLand Co., 210 Ala. 346, 98 So. 6 (1923). Williams misunderstands the purpose of § 6-2-3. Section 6-2-3 does not even apply to an action until the expiration of the time allowed by the applicable statute of limitations would appear to have created a bar to the suit. It applies to relieve a party of the statute's bar only when the action is based upon a claim of fraud; it is a "saving provision" that extends the time period for a right of action when there has been a fraudulent concealment *Page 89 
of the action. Ryan v. Charles Townsend Ford, Inc.,409 So.2d 784, 786 (Ala. 1981). It does not act as a limit upon an action when the applicable limitations period has not run. Of course, since there is no limitations period for quiet title actions, §6-2-3 does not apply to this case.
 III
Williams claims that Mertz did not met her burden of proving the estate's title to the land, and, thus, was not entitled to summary judgment. Williams claims that Mertz's affidavit was defective and was not admissible, and should not have been considered by the trial court. Williams claims that Mertz did not read the affidavit before signing it. We have considered Williams's claim that the affidavit was defective and, therefore, inadmissible. We do not agree with her claim.
Williams also contends that the trial judge improperly considered Hamilton's death certificate from the Department of Health of the City of New York. At the bottom of the certificate is the following: "The Department of Health does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law." Williams contends that this language makes the certificate inadmissible. Section § 22-9-8 provides that death certificates registered with and in the custody of the state registrar of vital statistics shall be prima facie evidence of the facts stated therein if the certificate is authenticated by the registrar. Since the death certificate in this case is from another state, its admissibility must be determined by the business records rule. Rule 44(h), A.R.Civ.P., provides:
 "Any writing or record . . . made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of such act, transaction, occurrence or event, if it is made in the regular course of any business, profession, occupation, or calling of any kind, and it was the regular course of the business, profession, occupation or calling to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. . . . The circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker . . . may be shown to affect its weight but they shall not affect its admissibility."
This death certificate clearly comes under Rule 44(h); the city registrar of New York signed the certificate under this language: "This is to certify that the foregoing is a true copy of a record in my custody." The Department of Health's disclaimer at the bottom affects the weight that might be given to this certificate, not its admissibility, and it was proper for the trial judge to consider it.
Williams also contends that Mertz failed to meet her burden of proof of showing that her intestate was in peaceable possession of the land. We disagree. A suit to quiet title requires peaceable possession by the complainant. Mount GileadChurch Cemetery v. Woodham, 453 So.2d 362, 365 (Ala. 1984). "This possession may be actual or constructive, as in the case of one who has legal title, but no actual possession." Hinds v.Slack, 293 Ala. 25, 28, 299 So.2d 717, 719 (1974). "One has constructive possession of property when he has a legal estate in fee in the property." Denson v. Gibson, 392 So.2d 523, 524
(Ala. 1980). "And one is in peaceable possession as opposed to scrambling possession when at the time of the suit no other party is denying the fact of complainant's possession. If both parties claim actual possession or are scrambling for it, then the possession is not peaceable." Id., at 524-25 (emphasis in original).
In this case, Mertz showed that her intestate had title to the land. Williams made no showing that she claimed actual possession of the land. Williams claimed only record title through the deed in question, and thus, since Williams did not claim actual possession, Mertz was in peaceable possession. Mertz met her burden of proving peaceable possession, and this showing was not contradicted by Williams. *Page 90 
 IV
For the above-stated reasons, the trial court did not err in entering Mertz's summary judgment, and that judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.