WILLIAM RICHMAN, appellant,

*v.*

STANDARD OIL COMPANY, respondent.

[Decided January 18th, 1924.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

"Complainant, as vendor, seeks a decree for specific performance by defendant, as vendee, of a certain contract for the sale of real estate. It is conceded that the contract calls for a 'clear title.' Defendant's refusal to accept a conveyance is based upon the claim that complainant's title is unmarketable.

"Complainant's title is through a conveyance from Alonzo M. Loudenslager. The title of Alonzo M. Loudenslager is under the codicil to the will of his grandfather, Moses Ale. By that instrument the *locus in quo* is. disposed of as follows: To Alonzo M. Loudenslager,

" 'for the term of his natural life, and remainder in fee to the heirs of his body lawfully begotten, but if the said Alonses Monroe Loudenslager should depart this life without leaving heirs of his body, then in such case the said house and lot, Bullett Lane lots and property above mentioned shall then descend and vest in the surviving brothers and sisters of the said Alonses Monroe Loudenslager, share and share alike.'

"After testator's death a petition was filed by Alonzo in the court of chancery invoking the provisions of our statute for the sale of lands of infants, said petition setting forth that his two infant children were owners of the *locus in quo* subject to his life estate under the provisions of the codicil above quoted and praying for a sale of the land. In that proceeding the land was sold and purchased by Alonzo. Then followed the conveyance from Alonzo to complainant.

"Alonzo is still alive and at this time has one living son.

"Defendant urges: 1. That should Alonzo have more children who should survive him such additional children would become entitled to a share in the estate. 2. That should the living son of Alonzo have a child and die before Alonzo, such child would take. 3. That should Alonzo die without issue or the issue of issue, the brothers and sisters of Alonzo would take.

"Complainant contends: 1. That the chancery decree for sale is conclusive as to the title. 2. That the provisions of the codicil vest a fee in Alonzo under the rule in *Shelley's Case.*

"1. Touching complainant's first contention it is clear that the proceedings for sale cannot be given a conclusive force touching the title. The court of chancery sold what interest the children of Alonzo had that could be sold; it could sell no more. Nor could that proceeding bind anyone except the parties to it and those holding under them. It could neither bar after-born children of Alonzo, nor after-born children of Alonzo's son, nor Alonzo's brothers and sisters as to any claim either of them may hereafter make. They are all entitled to a day in court as to any claims they may make to the *locus in quo.* This seems elementary. Indeed, the pro-

ceedings for the sale of the estates of infants do not purport to finally adjudicate questions of title.

"2. Touching complainant's second claim, I think that *Lamprey* v. *Whitehead, 64 N. J. Eq. 408,* is conclusive. See, also, *Dowe's Case, 68 N. J. Eq. 11.* In these two cases Chancellor Magie has carefully reviewed all prior decisions touching the construction and force to be given to sections 10 and 11 of our Descent act. The provisions of the will under consideration in *Lamprey* v. *Whitehead* were essentially the same as the provisions of the codicil here involved. No consideration was there given to the provision over in the event of the death of the life tenant without issue because possible claims of that nature had been extinguished by conveyances. Nor need any consideration be here given to the possible rights of the brothers and sisters of Alonzo, since it is clear that possible after-born children of Alonzo or possible after-born children of Alonzo's living son who might survive Alonzo will have claims of too substantial a nature to justify this court in forcing a title upon defendant subject to such claims. *Lamprey* v. *Whitehead* not only holds that under provisions of a will similar to the one here in question a child of a child of the life tenant who survives the life tenant will take if his father predeceases the life tenant, but also holds that such a title as is here involved cannot be forced upon an unwilling vendee. The recognized rule in specific performances is that while many legal objections to the title should be disposed of by the court, specific performance should not be decreed if there is ground for saying that the question is not settled by previous authorities, or if there are decisions or *dicta* of weight which show that another judge or another court having the question before it might come to a different conclusion. *Lippincott* v. *Wikoff, 54 N. J. Eq. 107, 120; Richards* v. *Knight, 64 N. J. Eq. 196.*

"A decree will be advised dismissing the bill."

*Messrs. Waddington & Matthews,* for the appellant.

*Mr. James H. Hayes,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTUURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, CLARK—13.

*For reversal*—None.