ALICE MORAN, PLAINTIFF-APPELLEE, v. SANTO BOR-
RELLO ET AL., DEFENDANTS-APPELLANTS.

Argued October term, 1925—Decided March 18, 1926.

**Sale of Land—Breach of Contract—Alleged Inability to Give Good
Title—Contract Contemplated Passing of a Marketable Title
at Time of Delivery of Deed—Tenement-House Violations
Were Sufficiently Substantial to Justify Rejection of Prof-
fered Title—Where Bond and Mortgage are Called for, Land,
Not Personal Responsibility, is the Principal Security Looked
for so That Tender by the Assignee of His Own Bond Will
Suffice.**

On appeal from the Second District Court, Jersey City.

Before Justices PARKER, MINTURN and BLACK.

For the defendants-appellants, *John N. Platoff*.

For the plaintiff-appellee, *Armstrong & Mullen*.

PER CURIAM.

This action was tried in the Second District Court of Jersey
City, without a jury, and judgment was for plaintiff for
$416.56.

One John McHugh entered into a contract with the de-
fendants for the purchase of certain premises for $11,000,
and assigned his contract to the plaintiff, Alice Moran, who
brought action to recover $200 deposit and $216.56 expended
for search fees, on the ground of defendants' alleged inability
to give good title.

The first point is that there was no evidence that plaintiff
tendered, or was ready, willing and able to tender, a bond
properly executed by John McHugh, the assignor. Tender
by plaintiff was excused, since defendants were unable to
perform. But it was incumbent upon plaintiff in an action
for damages for breach of contract, to show that she was

ready and willing to perform. The state of the case recites that at the time of closing of title the plaintiff was prepared with her own bond, and that the assignor was not present.

It has been held that where a bond and mortgage are called for, the land, and not the personal responsibility of the vendor, is the principal security looked for, so that tender by the assignee of his own bond will suffice. 27 *R. C. L.* 536, § 270.

The contract provides: "Seller to take back a purchase-money mortgage of $2,500 at six per cent., payable, &c. Said mortgage can be paid off at any time." It will be observed that this requirement provides for no bond, and in some jurisdictions promissory notes are substituted therefor.

The next point is that there was no legal excuse for the plaintiff's failure to make a tender. The contract provided: "It is understood and agreed that the buildings comply with the regulations of the state board of tenement-house supervision, to be shown by the report of the secretary, where such * * * regulations apply." The inspector's report showed certain structural violations for which the defendants at the time of the closing of title offered to deduct $200 from the purchase price, but the plaintiff demanded $500 therefor.

The defendants contend that this provision had reference to violations existing at the time the contract was entered into, and not as of time of closing the title. We think the contract contemplated the passing of a marketable title at the time of the delivery of the deed, and the plaintiff could not have anything short of that forced upon him. Upon this point it is also urged that the tenement-house violations, if any, were unsubstantial and did not justify rejection of the proffered title. They were sufficiently substantial to justify the defendants in making an allowance therefor, and in any event they were specially provided for as an encumbrance in the contract of the parties.

The judgment will be affirmed.