ANNA R. BROWN

*v.*

HARRY F. BROWN.

[Decided July 12th, 1913.]

Under *Comp. Stat. 1910 p. 2043*, enlarging a wife's right of dower to include lands whereof her husband, "or any other to his use," was seized of an estate of inheritance at any time during coverture, where a husband paid the purchase price for land, but had the title conveyed to his brother to hold in trust for the husband, the wife was entitled to maintain a bill to protect her dower in the land against the possibility of a conveyance to an innocent purchaser before the dower becomes consummate.

On motion to strike out bill under rule 213.

*Mr. Thomas Brown,* for the motion.

*Mr. Charles T. Cowenhoven,* for the complainant.

WALKER, CHANCELLOR.

In substance, the bill of complaint prays that the wife's inchoate right of dower in the lands described in the bill of complaint, held in trust for her husband, be protected. The facts admitted on this motion are: That Harry F. Brown, the husband of the complainant, purchased the lands; that he paid the purchase-money; that he fraudulently for the purpose of depriving his wife of her dower interest, caused the lands to be

conveyed to his brother, Oliver, who now holds the same in trust—an equitable estate in fee—for him; the implication that the lands may be conveyed by the trustee to an innocent purchaser to her injury.

By the common law a widow was entitled to dower in all of the lands whereof her husband was seized in fee-simple at any time during coverture. Our statute enlarges the right, and endows her of all lands whereof her husband "or any other to his use" was seized of an estate of inheritance at any time during coverture. *Comp. Stat. p. 2043.*

The doctrine of courts of equity is that equitable estates are considered to all intents and purposes as legal estates. *Cushing* v. *Blake, 30 N. J. Eq. (3 Stew.) 689.*

In *Mershon* v. *Duer, 40 N. J. Eq. (13 Stew.) 333,* and in *Radley* v. *Radley, 70 N. J. Eq. (4 Robb.) 248,* a widow's right of dower in lands held by another in trust for her husband was affirmed.

*In re Alexander, 53 N. J. Eq. (8 Dick.) 96,* Vice-Chancellor Green, without attempting to define inchoate right of dower, cites cases showing the manner in which it has been entertained by various jurisdictions, and concludes upon the authority of *Wheeler* v. *Kirtland, 27 N. J. Eq. (12 C. E. Gr.) 534,* "that it is an interest in the land from the time of the seizin of the husband is the law in this state."

That a wife by reason of her inchoate right of dower has such an interest in her husband's lands which a court of equity will protect, has frequently been asserted.

In *Wheeler* v. *Kirtland, supra,* the property of the husband was condemned for public use, and upon a bill filed by the wife, it was held that she by reason of her inchoate right of dower in the land, had an interest in the award which equity would secure to her.

In *Petty* v. *Petty, 4 B. Monr. 215,* the wife filed a bill a few days after her marriage, to set aside a conveyance made by her husband in anticipation of the marriage and in fraud of the wife's rights. The court decreed the conveyance void as against her right, and directed a reconveyance to her of one-third for life to be enjoyed by her after her husband's death. In

this case it was held that the inchoate right of dower of the wife was such an interest as to entitle her to the protection of a court of equity.

In *Burns* v. *Lynde, 6 Allen 305,* a deed in which it was made to appear that the wife joined with her husband, was set aside as against her inchoate right of dower.

In *Madigan* v. *Walsh, 22 Wis. 501,* it was held that an inchoate right of dower is such an interest in land as will enable the wife to maintain an action to establish such a contingent right, and remove a cloud fraudulently intended to be put upon it.

In *Clifford* v. *Kampfe, 147 N. Y. 383,* it was held that "the inchoate right of dower is a valuable, subsisting, separate and distinct interest which is entitled to protection, and for which the wife may maintain a separate action." In this case a deed as against the wife's interest was set aside at her instance as a forgery.

In *Buzick* v. *Buzick, 44 Iowa 259,* a sheriff's sale to the husband's son, procured by the fraudulent conduct of the husband, was set aside as against the wife's inchoate right of dower.

In *Smith* v. *Smith, 6 N. J. Eq. (2 Halst.) 515,* a widow was awarded dower in lands which her husband conveyed just before marriage, and in fraud of her rights.

*In re Turner* v. *Kuehnle, 70 N. J. Eq. (4 Robb.) 61,* a demurrer was overruled to a bill filed by a widow for dower in lands which her husband caused to be fraudulently sold under a foreclosure sale to which she was a party. The difference between the bid and the value of the property was paid by the purchaser to the husband, and in overruling the demurrer Vice-Chancellor Pitney said that the fraudulent conduct of the husband could not deprive a wife of her inchoate right of dower.

It is the common practice of this court to conserve the wife's inchoate right of dower in the surplus moneys in mortgage foreclosures, and in the husband's dividends of the sale of lands in partition suits.

The equitable fee in the land involved in this suit is in the husband. He paid the purchase price. *Cutler* v. *Tuttle, 19*

*N. J. Eq.* (*4 C. E. Gr.*) *549.* In this estate the complainant has an inchoate right of dower.

None of the foregoing cases deal with the exact point raised on this motion. Some sustain the widow's dower in lands held in trust for her husband, while others hold that a wife may maintain an action to protect her inchoate right of dower in lands, the legal title of which was in her husband, and of which right it was attempted to deprive her by lawful means. Upon principle supported by the above authorities, it seems to me that a wife's inchoate right of dower in lands held by another to the use of her husband, may be secured to her by a bill in equity. Unless the wife acts diligently the holder of the legal title may convey the estate to an innocent purchaser, and thus estop her from claiming her dower when it should be consummate.

The motion to strike out the bill will be denied, with costs.