WOLF WEIDENBAUM et al.

*v.*

PAULINE RAPHAEL.

[Decided May 13th, 1914.]

1. A purchaser who, before receipt of his deed or payment of money, except a deposit of $100, had notice of his vendor's prior contract to sell and convey, was not a *bona fide* purchaser or protected against the previous contract, except as to the $100.

2. Heirs of a purchaser are entitled to specific performance, and to have the administrator pay the purchase price out of the personal estate, and the fact that such heirs are infants does not of itself prevent specific performance in their favor, if either they or someone in their behalf are able to carry out the conditions of the contract.

3. A married woman as purchaser, though not as vendor, can be compelled to perform specifically, so that, as between her heirs and the vendor, the remedy is mutual.

4. A purchaser's right to specific performance depends on the fulfillment of the conditions to be performed on his part, and his assignee, even when under no disability, cannot substitute his personal liability on the unperformed conditions against the consent of the vendor, and, where the assignee is a trustee, and the execution of the contract requires covenants, specific performance in his favor cannot be compelled, unless he personally enters into the covenants.

5. A married woman agreed to purchase land for $12,000 and to pay the purchase-money, and died intestate before the day fixed for passing title, leaving her husband surviving, who was appointed administrator, and three infant heirs-at-law, and a total personal estate not exceeding $2,000, and thereafter the vendor agreed to sell to defendant for $12,000, of which only $100 was paid before notice of the prior contract, $6,000 by accepting a conveyance subject to a mortgage for that amount, $3,500 by a purchase-money mortgage, and $2,400 in cash at settlement. The administrator individually, and as next friend of the infant heirs, brought a bill for specific performance.—*Held*, that, although the personal estate was insufficient, and the infants, on receiving a conveyance, could make no valid contract for further payments, or give a bond therefor, or assume payment of the first ,mortgage, and the defendant could not be compelled to accept a mortgage for the balance of the purchase-money, without any personal obligation for its payment, yet, as it was manifestly the intention of the contract of sale that the conveyance should be made on payment of the purchase price, there would be a decree for conveyance upon payment thereof, less the $6,000 mortgage.

On bill for specific performance. Heard on bill, answers, replication and proofs.

*Mr. Nathan H. Berger,* for the complainants.

*Mr. William Tyack, Jr.,* for the defendants Raphael.

*Mr. Isaac Spangenthal* and *Mr. Edward R. McGlynn,* for the defendants Herzfeld and Dreyfus.

EMERY, V. C.

This is a bill for specific performance of a written agreement for.sale of land in Newark made between Maley Weidenbaum, the wife of Wolf Weidenbaum, as purchaser, and defendant Pauline Raphael and Morris Raphael, her husband, as vendors, and defendants Herzfeld and Dreyfus, who purchased the land under a subsequent agreement. The purchase price of the land

was to be $12,000, which the purchaser agreed to pay as follows: $100 on signing the agreement, $6,000 by accepting the conveyance subject to a first mortgage which the purchaser agreed to assume, $4,250 by executing and delivering a purchase-money mortgage as a second lien on the premises, payable $100 every six months with five per cent. interest, and $1,650 in cash on the passing of title. The vendee died intestate before the day fixed for passing title, leaving her husband surviving and three heirs-at-law, infants aged, respectively, twelve, ten and eight years of age. The husband has been appointed administrator of his wife. No inventory or account has been filed, but it is proved that the total personal estate does not exceed $2,000.

After the death of the vendee the vendors entered into another agreement to sell the premises to the defendants Herzfeld and Dreyfus for the sum of $12,000, $100 paid in cash on the date of the agreement, $6,000 by accepting a conveyance subject to a mortgage of that amount, $3,500 by a purchase-money mortgage and $2,400 in cash at the settlement. Subsequently, the conveyance was made under this second agreement and the second mortgage for $3,500 was given to the vendors, and the balance of the purchase-money (due after deduction of liens) was paid.

Before the receipt of the deed or the payment of any sum except the $100 deposit the second purchasers had notice of the prior contract, and are therefore not *bona fide* purchasers except as to the amount previously paid, $100, and are protected only to that extent against the previous contract. *Haughwout* v. *Murphy (Court of Errors and Appeals, 1871), 22 N. J. Eq. 531; Brinton* v. *Scull (Vice-Chancellor Grey, 1897), 55 N. J. Eq. 747.* The bill is filed by complainant, individually, as administrator of the estate and next friend of the infant heirs.

The general rule is that heirs of a vendee are entitled to specific performance, and to have the administrator pay the purchase price out of the personal estate. *Fry Spec. Perf. (4th ed.)* §§ *211, 217.*

The married woman as vendee can be compelled to perform specifically (though not as vendor), and as to her the remedy is therefore mutual, as between her heirs and the vendor. *Moore* v. *Baker (1903), 65 N. J. Eq. 104.*

The fact that the heirs of the vendee are infants does not of itself prevent the specific performance of the contract in their favor as vendees, if either they or someone in their behalf are able to carry out the conditions of the contract on the purchaser's part. It is not a case of disability of the infants in the making of a contract of sale which could not be enforced because of such disability.

But the vendee's right to specific performance is dependent on the fulfillment of the conditions to be performed on his part, and the assignee of a vendee, even when under no disability, is not permitted to substitute his personal liability on the unperformed conditions against the consent of the vendor. *26 Am. & Eng. Encycl. L. (2d ed.) 126; Pom. Spec. Perf.* § *320*. Where the assignees of the vendee are trustees, and the execution of the contract requires covenants, specific performance in their favor cannot be compelled unless they personally enter into the covenants. *Ibid.* §§ *331, 332*. In this case the personal estate of the wife is sufficient (if there be no debts) to make the payment on passing title, but not to make any further payments. The infants on receiving the conveyance cannot make any valid contract for further payments, nor assume the payment of the first mortgage, nor can the vendors (or their assignee, the second purchaser) be compelled against their will to accept a mortgage for the balance of the unpaid purchase-money, without any personal obligation for its payment. It is contended on behalf of complainant that the agreement of sale does not expressly provide that a bond shall accompany the mortgage or that there shall be any personal liability of the vendee for the unpaid purchase-money. But there is no equity in this claim, for the agreement of sale contains an express agreement by the vendee to pay the purchase-money, and were she herself claiming performance, it could only be upon condition of continuing by the usual bond this personal obligation to pay the purchase price, made in the agreement itself. It is impossible, therefore, to carry out formally this provision for the securing of the future payment of the purchase-money by installments, but as it was manifestly the primary purpose of the agreement of sale that the conveyance should be made upon the payment of the purchase price, my conclusion is, that while the

vendors cannot be compelled to convey on receiving a mortgage for the unpaid purchase-money, a decree may be made for conveyance upon payment to them of the entire purchase-money less the amount of the prior mortgage. If complainant, on behalf of the infant, desires to take decree on this condition, I will hear application to settle decree, fixing time and settling the terms of the conveyance.