The object of this bill is to impress lands, and the proceeds of the sale of lands, alleged to be held in trust for the complainant's husband, with her inchoate right of dower.
Robert F. Oram, now deceased, by the first clause of his will devised his real estate and bequeathed the remainder of his personal property to his executors, in trust, to hold the real estate for twenty years for the use and benefit of his estate, and to pay the rents, issues and profits in equal shares to his four children, two sons and two daughters, one of whom is the husband of the complainant, with power to sell the lands if advantageous to the estate, and to invest the proceeds and divide the income as the rents, issues and profits of the lands were directed to be divided. By the fifth clause it is provided:
"It is my will, and I do hereby order and direct my said executors, or the survivors or survivor of them, at the expiration of the twenty years *Page 66 
as aforesaid, to make partition by sale or otherwise as to them may seem best, of all my real estate then remaining among my said four children, share and share alike."
The shares of the daughters to be held upon further trust, to pay them the income for life with remainders to their children and grandchildren, and, in default, to the testator's surviving children or their heirs. The trustees sold some of the lands during the twenty-year period and some since then. The complainant claims an inchoate right of dower in the proceeds and in the lands unsold, and prays that it be impressed on both, and she rests her right to relief on Brown v. Brown, 82 N.J. Eq. 40.
The doctrine of that case is not appropriate here. There the husband, with intent to cheat his wife of her dower, caused the title to property he had purchased to be put in the name of another. There was nothing of record to show that it was held in trust for him, and, to frustrate the fraud, Chancellor Walker impressed her inchoate right upon the land to protect it as against innocent purchasers. No such protection is necessary in the present case. Under the Dower act a widow is entitled to dower in the lands of which her husband, or any other to hisuse, was seized during coverture. Comp. Stat. p. 2043. As wife she has a vested interest in his lands during coverture inherent of her prospective estate as widow. Whether potential or consummate, a dower interest or estate is in the land, and altogether apart from the husband's fee, and inalienable against the wife's will. If the lands here involved were or are held in trust to the use of the complainant's husband, and she has an inchoate right of dower therein, all alienations by the trustees will be ineffectual as to her estate of dower if and when it becomes consummate upon her surviving her husband and in her then suit to have it assigned. The husband's use, if there is one, appears of record, and purchasers, however innocent in fact, are charged by law with notice of her separate interest or estate.
In this view of the case it is unnecessary to decide that there was a conversion as to the lands sold by the trustees within the twenty-year period (Cook v. Cook, 20 N.J. Eq. *Page 67 375), and that there was none as to the lands sold thereafter.Meeker v. Forbes, 84 N.J. Eq. 271. The husband's share of the proceeds of the sale of lands, in the trustees' hands, is either personal property or was derived from the sales of his estate, not including any interest that his wife may have in the lands, and it is not chargeable with her claim of inchoate right of dower. The bill will be dismissed.