SEACOAST DEVELOPMENT COMPANY, INC., a New Jersey corporation, complainant-appellant,

*v.*

THEODORE H. BERINGER, JR., defendant-respondent.

[Submitted May term, 1926. Decided October 18th, 1926.]

1. Where the subject-matter of a cross-bill relates to the same matter set up in the original bill, persons other than the complainant can be properly made parties, and there appears to be no good reason why the same practice should not prevail where a counter-claim is substituted for a cross-bill.

2. Where a bill was filed by an assignee of a contract for the sale of land asking for a reformation of the contract, and its specific performance, and it appears that the contract provided that a purchase-money bond and mortgage should be made by the vendees named in the contract, a counter-claim asking that the original vendees should be made parties to the suit is proper, and a motion to strike it out was properly denied.

On appeal from an order advised by Vice-Chancellor Berry, refusing to strike out defendant's counter-claim.

*Mr. S. Sidney Silver,* for the appellant.

*Messrs. McCarter & English,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The complainant in his bill of complaint filed in the court of chancery charges that the defendant entered into a written contract, whereby the latter, on August 11th, 1925, agreed with Charles J. Cohen and Philip Katz, both residents of the State of New York, to convey to them a tract of land situate in Long Branch, New Jersey, for the purchase price of $155,000; that Cohen at the time of the execution of the contract paid to the defendant $20,200 on account of the purchase-money agreed to be paid by them for the land; that the contract contained a provision that the conveyance was to be made to Cohen and Katz; that thereafter Cohen and Katz assigned all their rights, under the agreement, to the present complainant, a corporation formed and organized by them with others for the specific purpose of assigning the contract to it; that the defendant fraudulently induced the making of the contract by representing to Cohen and Katz that he was seized of riparian rights in and to the land in question, and the prayer of the bill of complaint is, that the agreement, as to any riparian rights be reformed in accordance with the true agreement between the parties and that the defendant specifically perform his agreement to convey the said land together with riparian rights, and if unable to do so to return to complainant the deposit money paid on the execution of the written agreement. The clause of the agreement referred to relating to riparian rights reads:

"Together with all of the right, title and interest, if any, of the said party of the first part, including riparian and beach front rights in and to any land lying between the easterly boundary of the said premises and the Atlantic ocean."

The defendant filed an answer and counter-claim, and in the former denied making the representation that he was seized of riparian rights in and to the land in question, and asserted that he never had any knowledge of the assignment of the contract to the complainant and had not consented thereto, and asked for affirmative relief, to the end that it may be decreed that Cohen and Katz be made parties defendant to the counter-claim and that the contract into which they entered with the defendant be specifically enforced against them. The complainants moved the court below to strike out the counter-claim, which motion was refused and it is from the order of refusal that the complainant has appealed.

The motion to strike out was properly denied. The contract, *inter alia,* required that $63,000 of the purchase-money be secured by the bond "of the said parties of the second part," namely, Cohen and Katz. Whether the contract be reformed and then enforced as it sought by the complainant in its bill of complaint, or be enforced, as written and as asked for in the defendant's counter-claim, it is quite obvious that Cohen and Katz are necessary parties in the securing of the payment of the $63,000, for it is apparent that the complainant is without legal power to compel them to execute the bond; and the defendant cannot be properly compelled by it to accept its bond or the bond of any other party in lieu of a bond of Cohen and Katz.

It is settled practice in this state, where the subject-matter of the cross-bill relates to the same matter set up in the original bill, persons other than the complainant could be properly made parties. *Green* v. *Stone, 54 N. J. Eq. 387; Haberman* v. *Kaufer, 60 N. J. Eq. 271; Doremus* v. *Paterson, 70 N. J. Eq. 296.* There appears to be no good reason why the same practice should not prevail where the counter-claim is substituted for the cross-bill. Chancery rule 70, following in spirit the settled practice where cross-bills are concerned, as illustrated by the cases above cited, provides: "Any matter which is the proper subject of a cross-bill under the existing practice may be set up in a counter-claim."

The order appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.