This bill prays the specific performance of a contract for the sale of lands. The complainants are vendors and the defendants are respectively the vendee and his assignee. The contract price was $15,500, $1,000 of which was paid on execution of the contract, $2,000 was to be paid at settlement and the balance on mortgage provided for in these terms: "$12,500. Party of the second part will give to party of the first part a bond and mortgage in the sum of twelve thousand five hundred dollars to run for a period of three years, etc." The agreement further provides that the parties of the first part will convey "to the said party of the second part, his heirs and assigns, by deed,"c. Previous to the date fixed for settlement vendee assigned all his rights under the contract to the defendant Picone, and on the day fixed for settlement Picone tendered the balance of the purchase price provided to be paid in cash and offered to execute and deliver a purchase-money bond and mortgage for the amount fixed in the contract. The vendor refused to accept the bond and mortgage of Picone. Thereupon, Picone notified the vendor that he rescinded the contract and demanded the down money, which was refused. Picone then brought suit at law for the down money. The filing of this bill followed, and an order to show cause why the prosecution of the suit at law should not be restrained pendentelite was issued, with restraint pending its return. This matter now comes before me on the return of that order. The facts are not in material dispute. The sole question is whether or not the vendor was obliged to accept the bond and mortgage of the assignee of the contract of sale. This issue does not seem to have been squarely presented to the courts of this state before, although in two cases, Moran v. Borello, 132 Atl. Rep. 510, and Seacoast Development Company v. Beringer, 4 N.J. Adv. R.1602, the point was touched upon.
The first case was an appeal to the supreme court from a judgment of the second district court of Jersey City where the assignee of a contract of sale of lands was permitted to recover the down money and search fees. The judgment was *Page 260 
affirmed by the supreme court. In that case it was objected that the assignee of the contract did not tender the bond of the vendee assignor. On this point the court said:
"It has been held that where a bond and mortgage are called for, the land, and not the personal responsibility of the vendor [vendee?] is the principal security looked for so that tender by the assignee of his own bond will suffice. 27 R.C.L. 536
§ 270. The contract provides: `Seller to take back a purchase-money mortgage of $2,500 at six per cent., payable, c. Said mortgage can be paid off at any time.' It will be observed that this requirement provides for no bond."
The point here in issue was neither involved nor decided in that case, and the language of the opinion above quoted so far as it applies to the issue here was obiter dictum.
The second case was an appeal to the court of errors and appeals from an order of the court of chancery advised by me in which I refused to strike out a counter-claim against the vendees named in the contract of sale and who had assigned their rights under the contract to the complainant. The order was affirmed. Mr. Justice Kalisch, speaking for the court of errors and appeals, said:
"The contract, inter alia, required that $63,000 of the purchase-money be secured by the bond `of the said parties of the second part,' namely, Cohen and Katz * * * it is quite obvious that Cohen and Katz are necessary parties in the securing of the payment of the $63,000, for it is apparent that the complainant is without legal power to compel them to execute the bond; and the defendant cannot be properly compelled by it to accept its bond or the bond of any other party in lieu of a bond of Cohen and Katz."
It is suggested by counsel for the defendants that this language is also obiter dictum; that the question here involved is an open one in this state and that this court should follow the general rule as indicated by the decisions of other jurisdictions. But if this be obiter it is of such respectable weight that in my judgment it should be followed by this court and the court of errors and appeals left to say whether its pronouncement *Page 261 
has been correctly interpreted. It is worthy of note that in other jurisdictions the decisions on the question here involved are by no means uniform. It is also significant that the three judges who sat in the supreme court in Moran v. Borello also sat in the court of errors and appeals in Seacoast DevelopmentCo. v. Beringer, and the opinion of that court was unanimous. If "parties of the second part" in the Seacoast DevelopmentCompany Case meant Cohen and Katz, as the court of errors and appeals said it did, then "parties of the second part" in the contract sub judice means Raskind and no one else.
The restraint against the prosecution of the suit at law imposed by the order to show cause will therefore be continued until final hearing, and I will advise an order accordingly. *Page 262 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 263