This is a bill for specific performance of a contract for the sale of lands, with abatement of the purchase price because of an easement referred to as a mill-race, constituting an encumbrance of the title.
The contract bears date April 30th, 1926, and was entered into between the defendants, Hallie C. Thompson and Clarence A. Thompson, her husband, as vendors, and Samuel E. Houston, as vendee. Defendants agreed therein to convey to said vendee a tract of land in the city of Summit, New Jersey, upon which there is a one-family dwelling and a garage. The consideration named is $13,500, payable as follows: $500 on the execution and delivery of the contract; $2,000 on the delivery of the deed; $5,800 by the vendee assuming a mortgage for said sum, which is now a lien on the property; $5,200 by vendee executing and delivering to vendors a bond therefor, with a purchase-money mortgage as security for the payment thereof, the bond and mortgage to mature in five years, and bear interest at the rate of six per cent. per annum, payable semi-annually; the mortgage to contain a clause providing for installment payments of $500 every six months from the date thereof, with the privilege of paying the entire amount of the mortgage at any time. The contract provides that the vendors shall convey to the *Page 651 
vendee the property therein described "subject to restrictions of record" by deed of warranty, free from encumbrances, except as therein stated, on or before the first day of June next ensuing the date thereof, and that the vendee, his heirs and assigns, may enter into and upon the lands and premises on the date aforesaid, and from thence take the rents, issues and profits to his and their use; and that the vendee, his heirs, executors and administrators, shall pay and satisfy, or cause to be paid and satisfied, to the vendors, the purchase-moneys aforesaid; and that in the event of the sale of the property the vendee guarantees the payment of the purchase-money mortgage. The latter provision indicates that the vendors looked to the personal liability of the vendee to secure payment of the purchase-moneys, and such is further manifested by the fact that the contract provides for the assumption by the vendee of a mortgage lien of $5,800 to which the property is now subject. It will be observed also, that the contract provides — "and for the performance of all and singular the covenants and agreements aforesaid, the said parties do bind themselves, and their respective heirs, executors and administrators."
The vendee, on May 3d 1926, assigned the contract to Gustav M. Kutschinski, and he, on May 26th, 1926, assigned same to the complainant, May L. Kutschinski.
The date of passing title was postponed, at complainants' request, from June 1st to June 5th, when defendants refused tender of a bond and mortgage executed by the complainants, and refused also to allow to the complainants an abatement of the purchase price as sought by them.
The personal liability of the vendee, Samuel E. Houston, to the vendors, is not affected by the assignment of the contract to the complainant May L. Kutschinski. 27 R.C.L. 563 § 302;Weidenbaum v. Raphael, 83 N.J. Eq. 17. In the latter case Vice-Chancellor Emery says: "The vendee's right to specific performance is dependent on the fulfillment of the conditions to be performed on his part, and the assignee of the vendee * * * is not permitted to substitute his personal liability on the unperformed conditions against *Page 652 
the consent of the vendor." The proofs disclose that the vendee, Samuel E. Houston, was a dummy-purchaser for the complainant May L. Kutschinski, and such is conceded in the brief submitted in her behalf, which says: "Houston was, in fact, a dummy-purchaser, the real party in interest being complainant May L. Kutschinski." The proofs disclose, also, that the complainants had previously negotiated with the defendants for the purchase of the property in question, and such is conceded in complainants' brief, which says: "Several months previous, complainant May L. Kutschinski, through her husband, Fred Kutschinski, had negotiated with the defendants for the purchase of the property." Complainants were aware that the defendants would not have any business dealings with them, nor sell to them said property, and it was doubtless because thereof that the complainants arranged with the vendee, Samuel E. Houston, to act as a dummy-purchaser for the complainant May L. Kutschinski, contracting for the purchase of the property in his own name, and assigning the contract to her through her father-in-law, Gustav M. Kutschinski, as intermediary. Complainants claim that they ascertained for the first time, prior to June 1st, 1926, the date designated in the contract as the time for passing title, that the property was encumbered by an easement consisting of the right of a mill-owner on lands below the property of the vendors to the uninterrupted flowage of water of a brook coursing through vendor's property, for water-power purposes. Said brook was observable by a mere casual inspection of the property, and anyone inspecting the property with a view of purchase could not possibly avoid observing that the water thereof was utilized by the mill-owner aforesaid. The proofs show that complainants had several times inspected the property, with a view of purchase, prior to the making of the contract between vendors and vendee, and also at or about the time of their negotiations with the defendants several months prior to the aforesaid contract of April 30th, 1926, and it is clearly established by the evidence in the case that they could not, on such inspection, avoid observing the brook aforesaid and the use to which the water thereof was *Page 653 
utilized by the mill-owner on lands below that of the defendants; and that about one week prior to June 1st, 1926, notwithstanding complainants were then absolutely aware of the easement aforesaid, evidenced by the search of the title, the complainant Fred Kutschinski, conceded to be acting as agent for his wife, the complainant May L. Kutschinski, obtained from defendants' real estate agent the keys of the building forming part of the premises in question, by falsely representing that he was a laborer who desired to gain entrance to the premises for the purpose of making repairs thereto, and by means thereof the complainants obtained possession of said premises, and have since persistently continued in possession thereof, against the remonstrance of the defendants, and have refused to surrender same to defendants. Complainants' brief says about a week prior to June 1st, 1926, "her husband, Fred Kutschinski, obtained the keys for the premises from an agent, stating he wanted to inspect the damp condition of the cellar." In view of the aforesaid facts the complainants must be regarded as bound with constructive notice of such facts as a proper inquiry made by them would disclose. New Jersey Title Guarantee and Trust Co. v. JerseyCity Co-operative Realty Co., 90 N.J. Eq. 615; Jones v. Smith,1 Hare 43; Hoy v. Bramhall, 19 N.J. Eq. 563, 572; Schwoebel v.Storrie, 76 N.J. Eq. 466; Raritan Water Power Co. v. Veghte,21 N.J. Eq. 463, 478. See, also, as to doctrine of caveatemptore as applicable to real estate purchasers, IndustrialSavings and Loan Association v. Plummer, 84 N.J. Eq. 184. InSchwoebel v. Storrie, supra (at p. 470), Vice-Chancellor Leaming says: "Where a person purchases property where a visible state of things exists which could not legally exist without the property being subject to some burden, he is taken to have notice of the extent and nature of the burden." Citing Allen v.Seckham, 11 Ch. D. 790, 795; and, also, "when facts are brought to the knowledge of the person contemplating the purchase of the record title which are sufficient to apprise him of the existence of an outstanding claim of title, and a reasonable investigation of such facts would necessarily discover the existence of such *Page 654 
outstanding title, the purchaser is put upon inquiry, and charged with notice of the facts which a reasonably diligent inquiry would have ascertained." In Jones v. Smith, 1 Hare 43, it is said that constructive notice is established when the court is satisfied from the evidence before it that the party charged had designedly abstained from inquiring for the purpose of avoiding notice. In Raritan Water Power Co. v. Veghte, supra, it is said whatever is sufficient to direct the attention of a purchaser to the prior rights and equities of third persons, and to enable him to ascertain their nature by inquiry, will operate as a notice. Complainants having obtained possession of the defendants' land and premises under the circumstances aforesaid, and after they had examined the title to the premises and were fully aware that the brook on the lands of the defendants served as an easement for the furnishing of water power to another property owner for the operation of a mill, and persisting in retaining possession of said lands and premises against the remonstrance of the defendants, must be regarded, in equity, as not only having waived the encumbrance occasioned by the easement which the mill-owner aforesaid was obviously making use of, that is, the free flow of water over the lands of the defendants, but also, as having waived the right of compensation for such diminution in value, if any, as such easement may be said to have occasioned to defendants' lands. Melick v. Cross, 62 N.J. Eq. 545.
In the latter case the court says (at p. 558): "Taking possession after a notice of defect has been considered a waiver both of the defect and of the right of compensation." "Waiver" is the voluntary relinquishment of a known right. Aron v. RialtoRealty Co., 100 N.J. Eq. 513. The complainant May L. Kutschinski, apparently, as indicated by the conduct attributable to her, as herein stated, operating as a waiver of her right to a deed of conveyance free of the easement aforesaid, intended to accept such title as vendors could make to her by the delivery of their warranty deed as per contract, and to rely in case of failure of title as per contract, on the covenants of warranty for redress. 27 R.C.L. 513 § 240. That it would be unconscionable to permit *Page 655 
the complainants to gain advantage by the ruse by which they obtained possession of the property of defendants, is indicated by the case of Gluck v. Rynda Development Co., 99 N.J. Eq. 788,
wherein Vice-Chancellor Berry quotes from Eaton Eq. 74:
"Equity will refuse its aid in the enforcement of a contract where the plaintiff has practiced fraud on the defendant, and also where the plaintiff has been guilty of any unconscionable conduct, which does not amount to legal fraud."
A court of equity will never lend its active aid to parties, who, as in this case, by artful silence, and by gaining possession of premises through trickery, have gained an unfair advantage over another. "Such triumphs are deemed unconscionable, and are opposed to the general principles of the law." ErieRailroad Co. v. Delaware, Lackawanna and Western Railroad Co.,21 N.J. Eq. 284 (at p. 298).
In King v. Morford, 1 N.J. Eq. 274, Chancellor Vroom says: "Whether or not a contract shall be ordered to be specifically performed by the court, is always a matter resting in sound discretion," and "the strict rule is this, that the party who comes into equity for a specific performance must come with perfect propriety of conduct, otherwise he will be left to his remedy at law."
In Miller v. Chetwood, 2 N.J. Eq. 199, 208, Chancellor Pennington says: "The general principles which I extract from the cases are, that on a bill for specific performance the court will grant its aid or not, according to the justice of the case, and that it will never interfere when the party has practiced any fraud."
In Plummer v. Kepples, 26 N.J. Eq. 481, 482,
Vice-Chancellor Van Fleet says: "The remedy by specific performance is discretionary; the question is not what must the court do, but what, in view of all the circumstances of the case, should it do to further justice."
The case sub judice is distinguishable, in my opinion, from the cases of Propper v. Colson, 86 N.J. Eq. 399, andSimpson v. Klipstein, 89 N.J. Eq. 543, relied upon by the complainants to relieve them from the waiver which I consider is *Page 656 
binding upon them. The facts in this case are within the exception to the general rule stated in the case of Propper v.Colson, supra, and the case of Simpson v. Klipstein, supra, is distinguishable because in this case there was a physical indication clearly obvious to the complainants upon their inspection of the vendors' property, of the easement aforesaid, while in the cited case there was no physical indication on the ground, of the paper-street constituting the easement in that case.
An easement is a right, distinct from ownership, to use in some way the land of another, without compensation. Arestriction is a limitation of the manner in which one may use his own lands, and may or may not involve a grant. In this case, under the facts and circumstances evidenced by the proofs, and the concessions stated in complainants' brief, the easement aforesaid may reasonably be regarded as within the contract provision "subject to restrictions of record," and, in this respect, the dictum of Vice-Chancellor Backes in Nass v.Munzing, 100 N.J. Eq. 421; 136 Atl. Rep 344, is pertinent wherein he says: "It would not be a strained construction if it were held that the "easement" was a "restriction" within the meaning of the contract, for it was subject to restrictions of record in view of the forehand knowledge of the complainants of its existence and the fact that it is a matter of record."
Complainants have not proved that the easement aforesaid is a detriment to the property of defendants, by way of diminution in value. Where there is a doubtful question of law or fact affecting the title of the vendor of lands, specific performance of a contract for sale of such lands will not be enforced.Breitman v. Jaehnal, 99 N.J. Eq. 243. Complainants seek specific performance of the contract in so far as defendants can perform in accordance with the terms thereof, and compensation, by way of abatement of the purchase price, for that which defendants cannot give, but, partial performance with compensation will only be decreed when the amount of loss for a partial failure of title can be ascertained with a reasonable degree of certainty, and is not, *Page 657 
as in this case, a mere matter of speculation. Binns v. Smith,93 N.J. Eq. 33, 35. There is no adequate proof in the case subjudice which would warrant the court in allowing compensation by way of abatement of the purchase price, even though the facts of the case warranted the court in granting specific performance with such abatement. Complainants endeavored to prove through Percy A. Gaddis, whom they offered as an expert witness, and whose testimony was taken subject to defendants' objection as to its competency, and as to his qualifications as an expert witness, the value of the lands and premises in question, and his opinion as to diminution in value thereof occasioned by the easement aforesaid. Said witness, in my opinion, was not competent to testify to the value of the lands, or easement aforesaid, or as to diminished value of the lands because of their being subject to such easement. He demonstrated by his testimony that he was not familiar with property values in the vicinity of the property in question. He endeavored to substantiate his opinion as to the value of the defendants' lands by his having appraised the value of lands in the city of Summit for the Pennsylvania Railroad Company ten years or more ago; and as to the value of the easement aforesaid by experience he claims to have had in the valuation of property for the Passaic Valley sewerage commission many years ago, and also some property in New Hampshire, subject to easements which he considered to be somewhat similar to the easement to which the property in question is subject, but his testimony in this respect is insufficient to warrant the court in regarding him as expert within the well-settled principles of law respecting the qualifications and competency of an expert witness. To qualify one as an expert witness, there must be some proof that he has special knowledge about the subject to which he is called upon as a witness to express an opinion in order to make his opinion of any value. The fact that he is a real estate agent and has had experience which he testified to did not qualify him as either an expert on the value of the lands and premises in question, or on diminution in value thereof, attributable to the brook coursing through said property, the *Page 658 
waters of which are subject to the easement of a mill-owner below such lands and premises. Crosby v. East Orange,84 N.J. Law 708; Pennsylvania Railroad v. Schwarz, 75 N.J. Law 801; Laing
v. United New Jersey Railroad, c., Co., 54 N.J. Law 576;Hepburn v. North Jersey District Water Supply Commission,100 N.J. Law 148. The testimony of the complainant Fred Kutschinski, offered as an expert, subject to the objection of defendants, as to what he considered to be the value of the lands and premises in question as a whole, and by separating the buildings from the land, with a view of determining the value of the lands and buildings separately, and as to his opinion of the diminished value of the lands, occasioned by its being subject to the easement aforesaid, not only falls very short of what may be regarded as evidential, but, in addition thereto, inasmuch as he is a party in interest in the suit, his testimony should be scrutinized cautiously, and it is, in my opinion, of very slight probative force, particularly when, in considering such testimony, I have in mind the fact that he, as agent of his wife, resorted to the ruse aforesaid to obtain from the defendants' real estate agent the keys of the buildings forming part of the lands and premises in question, by means of which complainants obtained possession thereof, and persist in holding same against the remonstrance of the defendants.
The defendants were not obliged, in my opinion, to accept the bond (and mortgage) of May L. Kutschinski, as assignee of the vendee Samual E. Houston, to secure the sum of $5,200 representing part of the purchase moneys, nor to accept her assumption of the $5,800 mortgage now a lien on the lands and premises described in the contract entered into between said defendants, as vendors, and said Samuel B. Houston as vendee. It appears manifest to me that the vendors, in the making of said contract, looked to the personal responsibility and liability of said vendee. The contract calls for the fulfillment by the vendee, his heirs, executors and administrators, of the covenants imposed upon the vendee, and the fact that there is a special provision in the contract that in the event of the sale by the vendee of the *Page 659 
property described therein, he shall guarantee the payment of the $5,200 purchase-money mortgage, is a further manifestation of the personal liability intended between the parties to be imposed upon said vendee. The case sub judice is not one in which the land only may be said to have been intended to stand as security for the portion of the purchase price represented by the $5,800 mortgage now a lien on the property, and the $5,200 bond, secured by mortgage, to be given by the vendee, and because thereof, I regard the case of Moran v. Borrello, 132 Atl. Rep. 510, wherein it appears that the land and not the personal liability of the vendee was regarded as the principal security intended, as inapplicable. It is apparent from the proof in this case that the defendants would not have any dealing with the complainants, and a fortiori would they be not satisfied with their bond or other obligation. The only case in this state known to me which may be cited as a precedent for the proposition herein declared by me as applicable to this case is Muller v. Raskind,135 Atl. Rep. 682, but there is in addition thereto, in SeacoastDevelopment Co. v. Beringer, 100 N.J. Eq. 295, very respectable dictum upon which to predicate said proposition.Muller v. Raskind, supra, was a suit for specific performance for the sale of lands. The agreement provided for a conveyance by the vendor to the vendee, "his heirs and assigns," and also as follows: "$12,500. Party of the second part will give to the party of the first part a bond and mortgage in the sum of $12,500, to run for the period of three years * * *." Prior to the date for settlement the vendee assigned all his rights under the agreement to a third party, and on the day fixed for settlement, the assignee of the vendee offered to execute and deliver a purchase-money bond and mortgage for the amount fixed in the contract. The vendor refused to accept the bond and mortgage of said assignee. The sole question presented to the court was as to whether the vendor was obliged to accept the bond and mortgage of the assignee of the vendee, and it was held that he was not. In Seacoast Development Co. v. Beringer, supra, the defendant entered into a written contract whereby he agreed with Charles J. Cohen and Philipp *Page 660 
Katz, to convey to them a tract of land situate in Long Branch, New Jersey, for the purchase price of $155,000; Cohen and Katz thereafter assigned all their rights under the agreement to the complainant, a corporation formed and organized by them and others for the specific purpose of assigning the contract to it. The contract required that $63,000 of the purchase price be secured by the bond "of the said parties of the second part," namely, Cohen and Katz. The court declared that the defendant could not be properly compelled by the complainant to accept its bond or the bond of any other party in lieu of a bond of Cohen and Katz. While the aforesaid declaration of the court of errors and appeals is dictum, nevertheless, inasmuch as said court is not to be regarded as giving expression to meaningless phrases, I consider that such dictum should be regarded, for the purpose of this case, as tantamount to its decision, in the absence of any decision of said court to the contrary. In Richman v.Standard Oil Co., 95 N.J. Eq. 745, 747, it is said: "The recognized rule in specific performance is that while many legal objections to the title should be disposed of by the court, specific performance should not be decreed if there is ground for saying that the question is not settled by previous authorities, or if there are decisions or dicta of weight which show that another judge or another court having the question before it might come to a different conclusion. Lippincott v. Wikoff,54 N.J. Eq. 107, 120; Richards v. Knight, 64 N.J. Eq. 196." And, as was said in Page v. Martin, 46 N.J. Eq. 585, referring to specific performance: "In every case of this character the court is chiefly concerned with the equities of the parties before it."
 I will advise a decree dismissing the bill of complaint. *Page 661