This is a bill to restrain the defendant from interfering with complainant's ingress and egress over certain leased premises until final hearing. There is also a motion before this court to dismiss the bill.
The facts are in dispute, but I believe their statement in complainant's brief accurately sets forth the situation as follows:
On the 3d day of June, 1926, the landlord, James C. Sapienza and the Newark Mason Supply Company, a co-partnership composed of Alexander J. Milmoe, Jr., and Walter V. Sullivan, entered into a lease for the rear vacant land of the premises known as 168-172 Coit street, Irvington, New Jersey, for a period of five years from the 3d day of June, 1926, at a rental of $100 a month. The lease, among other things, contained the following:
"1. It is further agreed should the said tenant become bankrupt during the term hereof, this lease shall be void at the option of the landlord, who may retake said possession and consider the lease void.
"2. This lease shall not be assigned without the written consent first obtained from the landlord."
On the 27th day of October, 1927, Walter V. Sullivan, one of the co-partners, filed a bill in this court for a dissolution of the partnership under the statute entitled "An act concerning partnerships and their dissolution and the distribution of their assets through the court of chancery [P.L. *Page 103 1919 ch. 206 p. 450]," alleging in said bill that it was a co-partnership at will and could be terminated at any time at the will of any co-partner.
On the same day that the bill was filed an order to show cause was made by this court why a receiver under the statute should not be appointed.
On the return of the order to show cause, which was on the 1st day of November, 1927, the remaining co-partner Alexander J. Milmoe, Jr., came in and raised no objection to the appointment of a receiver, and under an agreement made by Louis R. Freund, solicitor for the complainant Walter V. Sullivan, and Harry A. Augenblick, solicitor for the defendant Alexander J. Milmoe, Jr., this court appointed C. Wallace Vail receiver under the statute.
On the 1st day of November, 1927, the receiver immediately after his appointment took possession of all the assets of the co-partnership including the leased premises, and continued in possession up until the 19th day of December, 1927.
A short while after the receiver was appointed, to wit, on November 16th, 1927, the complainant co-partner Walter V. Sullivan, together with the landlord Sapienza, organized a corporation known as the "Irvington Mason Supply Company," with its principal office at No. 164 Coit street, Irvington, New Jersey, and commenced to do business in the premises No. 164 Coit street, which is a building immediately adjoining the leased premises under discussion, standing contiguous and adjacent on the north. There is no yard appurtenant to the building, and the only method of getting to and from the building with trucks is through the leased premises occupied by the receiver.
Immediately after the organization of the Irvington Mason Supply Company, the landlord Sapienza came to the receiver and asked permission from the receiver to allow the Irvington Mason Supply Company to pass through the leased premises with its trucks. The receiver, who was in possession and had his representative or watchman there at all times, pursuant to the request of the Irvington Mason Supply Company, granted the Irvington Mason Supply Company permission to pass through the leased premises. *Page 104 
Thereafter this court made an order that the receiver sell all the assets of the company including the leasehold premises and to distribute the proceeds of such sale amongst the creditors and others entitled to participate therein.
On the 4th day of December, 1927, the receiver, pursuant to such order, conducted a public sale of all the assets of the co-partnership including the leasehold. There were present at this sale James C. Sapienza, the landlord, and Walter V. Sullivan, the complainant partner. The receiver offered for sale all the assets, good will and the lease of the co-partnership, and the only two bidders for the entire assets in bulk, including the leasehold, as a going business, were James C. Sapienza, the landlord, and Alexander J. Milmoe, Sr., the complainant in this cause. The receiver announced for sale the assets, good will and the leasehold, and the landlord Sapienza participated in the bidding, competing with Alexander J. Milmoe, Sr., the complainant. The said Sapienza bid as high as $27,000 for the assets, good will and leasehold. Thereafter the complainant Alexander J. Milmoe, Sr., announced a bid of $30,000 for the assets, good will and leasehold, and the landlord Sapienza, not desiring to go up any further, permitted the receiver to knock down to Alexander J. Milmoe, Sr., the complainant, the assets, good will and leasehold for $30,000. The complainant Alexander J. Milmoe, Sr., thereupon gave the receiver his check for $7,500, and on the 19th day of December, 1927, gave the receiver an additional check for $22,500, and the receiver executed and delivered to the complainant Alexander J. Milmoe, Sr., a bill of sale for all the assets, and an assignment of the lease and the receiver's right, title and interest to the possession of the premises.
On the same day the receiver gave Alexander J. Milmoe, Sr., the complainant herein, a written order to his watchman to turn over to the complainant all the assets of the Newark Mason Supply Company including the possession of the premises. Pursuant to this written order, the watchman turned over to the complainant the premises and gave to the complainant the key for the office building erected on the premises, ever since which day the complainant Milmoe, Sr., *Page 105 
has continued in possession of the premises and is still in possession of the premises.
The day after the complainant took possession of the premises the landlord Sapienza and the Irvington Mason Supply Company, of which he is an officer, blocked the passageways to the leased premises so that the complainant's trucks were deprived of ingress and egress to and from the leased premises. Thereupon the complainant immediately filed this bill to restrain the landlord and the Irvington Mason Supply Company from in any way interfering with his possession of the premises, and this court issued an ad interim restraint enjoining the landlord and the Irvington Mason Supply Company from blocking the passageways and interfering with the complainant's possession.
The question, therefore, is: Can complainant obtain from this court relief by an order preventing defendant from interfering with complainant's ingress and egress?
The first point is that this court is without jurisdiction because complainant's remedy is at law in ejectment. Defendant's counsel says in his brief, "and if the fact be as is alleged that the landlord had retaken possession, then this court is wholly without jurisdiction. The matter is one to be settled at law."
I find as a fact, however, that the landlord did not retake possession; that when the receiver was appointed he took possession and continued in possession until December 19th, 1927, when he turned possession over to complainant — who still continues in possession. This being so I think, following the reasoning of defendant's counsel, that defendant has a remedy at law to which he should be relegated.
The second point is that the lease was ended because of the clause therein, which sets forth that it shall be so ended should the tenant become bankrupt during the term thereof. No bankruptcy is shown. A bill was filed for the dissolution of a partnership — a partnership at will. There is no reason to suppose that if differences had not arisen between the partners the firm could not have continued and paid in full all its obligations under the lease. The fact that the receiver sold the assets for $30,000 confirms this view. I believe that the *Page 106 
clause quoted was to save the landlord from the possibility of loss in case of inability to pay rent in accordance with the terms of the lease, and that it goes only that far and no further.
The third point advanced is that the lease is at an end because of a provision therein that it cannot be assigned without the consent of the landlord. It seems quite clear to me that the landlord's consent was not necessary because this lease passed by operation of law under an order of sale made by this court. I do not think it essential to quote any authorities for this propositon.
The situation in brief is that if this complainant cannot have ingress and egress according to the terms of this lease, which he purchased under a sale authorized by this court, he will suffer irreparable damage. This is so, because he cannot proceed with his business unless he has a way of going to and getting from it.
I will therefore deny the motion to dismiss the bill and continue the preliminary injunction until final hearing.