The motion to strike the complainant's bill of complaint in this cause proposes for decision a somewhat interesting question. For immediate purposes, references to the details of the transaction out of which the litigation has arisen may well be omitted.
The bill discloses that on October 20th, 1945, the defendant contracted in writing to convey the designated premises to *Page 491 
"William M. Siesel and Josephine M. Siesel, his wife," for the price of $15,000. The agreement obliged the vendees to make a down-payment, successive periodical installment payments, and at the time of the consummation of the conveyance to "deliver unto the seller a mortgage in the amount of $11,000 to be amortized over a 10-year period * * *." Before the completion of the sale, the vendee William M. Siesel died, bequeathing and devising his entire estate to his wife Josephine. The latter has demonstrated her desire to acquire the title pursuant to the contract and has tendered to the defendant-vendor her bond and mortgage conditioned for the payment of the $11,000. The complainant seeks a decree against the defendant in personam requiring her to make the conveyance. The defendant challenges the sufficiency of the bill in that it is apparent on the face of the pleading that the complainant cannot deliver the bond and mortgage of both William, now deceased, and herself as contemplated by the terms of the contract.
I note incidentally that the contract did not specifically mention the delivery of a "bond," but equity in such a circumstance will imply that it was intended to accompany the mortgage. Weidenbaum v. Raphael, 83 N.J. Eq. 17, 20;90 Atl. Rep. 683.
Normally, a bill for the specific performance of a contract for the sale of land may be maintained by the assignee of the vendee.Bateman v. Riley, 72 N.J. Eq. 316; 73 Atl. Rep. 1006; SouthJersey Furniture Corp. v. Dorsey, 95 N.J. Eq. 530;123 Atl. Rep. 543; affirmed, 99 N.J. Eq. 433; 132 Atl. Rep. 923.
Where, however, the contract calls for the bond and mortgage of the vendee, he cannot liberate himself of that obligation by an assignment of the contract, without the consent of the vendor.Muller v. Raskind, 100 N.J. Eq. 258; 135 Atl. Rep. 682;
affirmed, 103 N.J. Eq. 20, 21; 142 Atl. Rep. 918; SeacoastDevelopment Corp. v. Beringer, 100 N.J. Eq. 295;134 Atl. Rep. 770; Kutschinski v. Thompson, 101 N.J. Eq. 649;138 Atl. Rep. 569. See, also, Carluccio v. 607 Hudson Street Holding Co.,139 N.J. Eq. 481; 52 Atl. Rep. 2d 56. *Page 492 
It is from the decisions last cited that counsel for the defendant derive the insistence that equity will not compel the defendant to accept the bond and mortgage of the complainant, and additionally they invite attention to a clause in the contract which reads as follows: "This agreement shall not be assigned or transferred by the Buyer without the written consent of the Seller being first had and obtained."
I entertain the conviction that neither the decisions to which I have hereinbefore referred nor the conventional clause of the contract apply to assignments and transfers solely occasioned by operation of law, and particularly so with relation to contracts which are not of a personal nature. Cf. Fleming v. FlemingHotel Co., 69 N.J. Eq. 715; 61 Atl. Rep. 157; Milmoe v.Sapienza, 103 N.J. Eq. 101, 106; 142 Atl. Rep. 360.
And it has also been resolved that an assignment by operation of law, as in case of an executor, is distinguishable from an assignment by the act of the party. Arkansas Valley SmeltingCo. v. Belden Min. Co., 127 U.S. 379; 32 L.Ed. 246;8 S.Ct. 1308. Similarly anent a bequest of a leasehold, Squire v.Learned, 196 Mass. 134; 81 N.E. Rep. 880.
It is of course competent for parties to agree that a contract shall not survive, and that all obligations under it should terminate on the death of one or both. So, also, a contract may be of such a nature as to admit only of a personal performance or as to project the implication that it is to be operative only during the continuance of personal relations, although not so expressed in terms, and it will be deemed dissolved by death or other disability which renders its performance impossible according to the evident intention. See Central Trust Co. v.Chicago Auditorium Association, 240 U.S. 581; 60 L.Ed. 811;36 S.Ct. 412; 4 Am. Jur., "Assignments," § 71; 12 Am. Jur.,"Contracts," § 375. The contract in the present case has no such personal quality, unless it is detected in the covenant to execute the personal bond.
I am aware that in its factual aspect the circumstance that Mrs. Siesel is now possessed of all the assets of her deceased husband tends to cast some shadow upon the sincerity *Page 493 
of the defendant's objection to the performance of the contract, but I have regarded the event solely in the light of its legal significance. Counsel for the defendant assert that the devolution of the decedent's entire estate to his wife, although testamentary in character, is nevertheless in legal effect aninter vivos assignment or transfer of the contractual rights of the husband under the contract. The complainant prosecutes her cause in her individual capacity as well as in her status as devisee. See Young v. Young, 45 N.J. Eq. 27, 34;16 Atl. Rep. 921; McCormick v. Stephany, 57 N.J. Eq. 257; 41 Atl. Rep. 840.
Suppose ex hypothesi I temporarily mitigate the importance of the devise and endeavor to discover to what destination a further and more elaborate study of the case will guide me.
In equity, a contract for the sale of land is recognized, for most purposes, as if it were specifically executed and performed. In consequence of that view, the purchaser becomes the equitable owner of the land, and the vendor the anticipated recipient of the purchase money. Following the contract, the vendor is the trustee of the legal estate for the vendee. Before the contract is consummated by actual conveyance, the lands are devisable by the vendee, and descendible to his heirs as real estate. Conformably the personal representatives of the vendor are entitled to the purchase money. Haughwout v. Murphy, 22 N.J. Eq. 531,546.
It would thus appear in the present case that upon the execution of the contract the equitable title to the premises reposed in the complainant and her late husband. Was there inherent in their equitable title the elements of an estate by the entirety?
This court has uniformly adopted the doctrine that equitable estates in land are considered to all intents and purposes as legal estates, and are subject to the same incidents, properties, and consequences as, under like circumstances, appertain to similar estates at law. Cushing v. Blake, 30 N.J. Eq. 689;Martling v. Martling, 55 N.J. Eq. 771, 781; 39 Atl. Rep. 203;Brown v. Brown, 82 N.J. Eq. 40; 88 Atl. Rep. 186; 26 Am. Jur."Husband and Wife," § 76. *Page 494 
While I confess that there are some authorities to the contrary (30 L.R.A. 319), I conclude that it is consonant and compatible with our equitable jurisprudence to hold that upon the execution of the contract in the present case the complainant and her husband became the equitable owners in fee of an estate co-equal in its "incidents, properties and consequences" to a legal estate by the entirety. The right of survivorship attached. It follows that in entering into the contract to convey to husband and wife, the defendant is presumed to have understood the state of the law.
The motion is denied. *Page 495